## LOWDEN *v*. PENNSYLVANIA COMPANY.

[No. 5,944. Filed December 10, 1907. Rehearing denied March 20, 1908. Transfer denied April 29, 1908.]

1. TRIAL.—*Verdict.—General.—Interrogatories.*—The answers to the interrogatories to the jury control the general verdict only where irreconcilable therewith under any supposable evidence admissible within the issues. p. 618.

2. EVIDENCE.—*Objects Within Sight.—Presumptions.—Railroads.*— Persons are presumed to have seen a railroad train approaching, when, if they had looked, they could have seen same. p. 618.

3. RAILROADS.—*Street Crossings.—Notice.—Care Required of Traveler.*—A pedestrian undertaking to cross a street on which there is a railroad track is conclusively presumed to know that the place is one of danger; and she must use reasonable care under the circumstances to avoid injury. p. 619.

4. TRIAL.—*Verdict.—General.—Effect.*—A general verdict for plaintiff is a finding for such party upon all of the issues. p.°619.

5. RAILROADS.—*Street Crossings.—Pedestrians.—Contributory Negligence.—Interrogatories.—Question for Jury.*—Where the interrogatories show that the plaintiff attempted to cross a street upon which was a railroad track and across which street, in a diagonal direction, a street railroad was operated; that when plaintiff made such attempt a street-car crossed the track, to some extent obstructing her view, and making much noise; that there were other street-cars and wagons in the vicinity, and that when she arrived on the railroad track and first observed the train, it was running fifteen miles an hour, without signal, and was but $1\frac{4}{11}$ seconds away, the question of contributory negligence is for the jury. p. 619.

6. TRIAL.—*Interrogatories.—Motion for Judgment on.—What Considered.*—On a motion for judgment on the interrogatories, only the pleadings and such interrogatories and their answers may be considered. p. 620.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by Mattie M. Lowden against the Pennsylvania Company. From a judgment for defendant, notwithstanding a general verdict for plaintiff for $3,500, plaintiff appeals. *Reversed.*

*Wymond J. Beckett, A. J. Shelby* and *Elliott & Elliott,* for appellant.

*Samuel O. Pickens, Robert F. Davidson* and *Owen Pickens,* for appellee.

MYERS, J.—Appellee on September 27, 1904, while operating a locomotive and cars in and along Kentucky avenue, a street running northeast and southwest, in the city of Indianapolis, at a point on said avenue intersected by West street, extending north and south, struck and injured appellant, and for damages on account of said injuries appellant brought this action. Trial by jury and a general verdict in favor of appellant. Answers to forty-nine interrogatories were returned. Appellee's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, was sustained, and judgment rendered for appellee. The correctness of this ruling is the only question presented.

The complaint, after describing Kentucky avenue and West street at the point where the accident occurred, showing the location of the track on which appellee was operating its locomotive and cars, and the location of two street-car tracks, alleges that while appellant was proceeding across said tracks, exercising care and diligence, and continuing to look and listen for approaching trains, and without any fault on her part, she was negligently struck, knocked down and injured by a locomotive and train of cars which appellee was negligently running backward along said avenue; that said locomotive and cars were being run in and along said avenue at a speed of twenty-five miles an hour without ringing the bell attached to the locomotive, and without a watchman or other person upon the rear end of said locomotive or tender, as the same was backing, to warn persons of its approach and to prevent accidents; that all and each of the aforesaid negligent acts were in violation of ordinances of the city of Indianapolis, then in full force and effect, making it unlawful to run or cause a locomotive, car or train of cars to be run backward through said city without providing a watchman or other person on the rear end of such locomotive, car or train of cars to warn persons of its approach, making it the duty to ring the bell attached to the locomotive whenever the same should be moving in and through the city, and making it unlawful to run a locomotive or train, or permit the same to be run, along any track in said city at a greater speed than four miles an hour. The complaint also alleges that for several years appellee had maintained a flagman at the place in question, whose duty it was to notify people who were crossing, or about to cross, of the approach of the locomotive or cars, and that said flagman failed so to notify appellant.

The answers to the interrogatories show that Kentucky avenue in the city of Indianapolis at the point crossed by West street is eighty feet wide, and from curb to curb is seventy feet wide. In and along said avenue there was one

track which appellee used in running its trains, and from the center of this track to the curb on the south was fifty feet, four inches. To the south of said track and running parallel with the same along said avenue, were two street-car tracks. The distance between the two outside rails of the street-car tracks was fourteen feet; two inches. The nearest street-car rail to the rail of the railroad track was seven feet, one inch, and the distance from the curb on the south side of the avenue to the first street-car rail was twenty-six feet, three inches, and the sidewalk on the south side of said avenue was ten feet. The distance from the center of the railroad track south to the center of the first street-car track was twelve feet. At the time of the accident appellee was running its locomotive, with three cars attached, backward, drawing the cars after it from the southwest and toward the northeast, along Kentucky avenue. While appellant was crossing said avenue and near the west side of West street, at about 9:43 o'clock in the morning, she was struck by said locomotive. The railroad track immediately west of West street extends southwest on a straight line about six hundred feet. Said locomotive was running at the rate of about fifteen miles an hour, and the bell thereon at the time of the accident was not ringing. Appellant was familiar with said crossing, and knew that trains were frequently run upon the railroad track. Appellant approached the railroad track from the southeast. She was fifty-two years of age, her eyesight, hearing and powers of locomotion good, and had she looked in a southwesterly direction when between the curb and the first street-car track, or when between the rails of the street-car track and the railroad track, she could have seen the train approaching, but she could not have heard it because of the noise caused by wagons, street-cars and wind from the southeast. Immediately before appellant passed over the street-car track next to the railroad track a street-car passed in a southwesterly direction, and there were other street-cars on the

track.    She could have stood between the street-car track and the railroad track without danger from the locomotive. At the time she crossed the street-car track next to the railroad track the locomotive was about thirty feet from the place of the accident.    When she first saw the locomotive it was about thirty feet away, and she was in the center of the railroad track.    She did not see the locomotive approaching, and attempted to cross before it reached the crossing.

The rule is that special findings of fact inconsistent with the general verdict will control the latter only when upon the face of the record there is such antagonism that

1.    both cannot stand after indulging all provable facts and reasonable deductions which might have been made in support of the general verdict from any evidence legitimately admissible under the issues.    *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690; *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144.    If by any reasonable hypothesis the special findings can be reconciled with the general verdict, the latter must stand.    *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115; *Guedelhofer* v. *Ernsting* (1899), 23 Ind. App. 188.

Appellant's sense of sight was good, and this being true, the law presumes that she must have seen that which was within the range of her vision if she gave attention

2.    and looked.    *Chicago, etc., R. Co.* v. *Hedges* (1889), 118 Ind. 5; *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14.    And as the special findings show appellant in a position where she could have seen the locomotive in time to avoid injury had she looked in the direction from which the locomotive was approaching, it is argued that she must be presumed to have seen it and failed to heed what she saw, thereby contributing to her injury, and that upon the theory of concurring negligence she can-

not recover.   Under all the facts she was bound to know that the crossing was a place of danger, and to avoid being guilty of contributory negligence she was required to exercise such care as an ordinarily careful and cautious person would use under all the apparent or similar circumstances to avoid injury, and the general verdict amounts to a finding in her favor upon that issue.   The complaint alleges that as appellant proceeded over the crossing she continued to look and listen.   The special findings show there was a straight track for 600 feet to the southwest from the place of the accident.   Had the locomotive which collided with appellant run the entire distance at a speed of fifteen miles an hour, the time consumed would have been less than one-half of a minute.   The findings also place appellant in the center of the railroad track, and thirty feet, or one and four-elevenths seconds, from the approaching locomotive when she first saw it.   From two points before entering on the track she could have seen it had she looked to the southwest.   But considering these findings in connection with the finding that a street-car had just passed to the southwest and other street-cars were on the track—how near the crossing does not appear—and that she could not hear the approaching locomotive because of the noise caused by wagons, street-cars and the wind, does not certainly exclude the existence of other conditions which might have been in evidence under the pleadings, and an excuse furnished by her for not looking to the southwest at the particular time and place as would justify the jury in its general finding that she used ordinary care.   And if this be true, or if, from the whole evidence, facts are exhibited "of a character to be reasonably subject to more than one inference or conclusion under established rules of law, then the ultimate fact of contributory negligence or due care" should be left to the jury.   *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219; *Baltimore, etc., R. Co.* v. *Rosbor-*

*ough, supra; Wabash R. Co.* v. *Biddle* (1901), 27 Ind. App. 161.

Inferentially appellee says that the trial court heard the evidence and may have been moved to a certain extent in making the ruling here challenged because of no evidence from which presumptions or intendments might arise to support the general verdict and reconcile the special findings therewith. This question on appeal must be decided upon the special findings and the pleadings alone (*Indiana, etc., Gas Co.* v. *Long* [1901], 27 Ind. App. 219), and we know of no good reason why the trial court should not be required to pass upon the question under precisely the same rules as those governing appellate courts, for in this manner only is the same question presented to both courts.

Judgment reversed, with instructions to overrule appellee's motion for judgment and that a new trial be granted appellant, and for further proceedings not inconsistent with this opinion.