TATE *v.* WEST

[No. 17,980. Filed September 28, 1950.]

520

522

*Craig & Craig,* of Brazil, for appellant.

*Harvey L. Fisher,* of Brazil, and *Edward H. Knight,* of Indianapolis, for appellee.

CRUMPACKER, J.—The appellee, while walking across National Avenue in the city of Brazil, Indiana, was struck and injured by an automobile owned and driven by the appellant. He brought this suit and was favored by a jury with a verdict in the sum of $4,000 upon which judgment was entered over the appellant's motion for a new trial.

Said judgment is challenged first on the theory that in legal effect the evidence charges the appellee with contributory negligence and therefore the verdict upon which it rests is contrary to law. We can so hold only if the controlling facts are not in dispute and are susceptible of the single conclusion upon the part of reasonable men that the appellee's failure to exercise ordinary care for his own safety contributed proximately to his injury. *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. 2d 284. The accident in controversy happened in the business district of the city of Brazil on its main east and west thoroughfare early on a Saturday evening when vehicular traffic was heavy. The street involved is 60 to 70 feet in width from curb to curb and is divided by a center stripe into two lanes, the northern one of which is designated for the use of west bound vehicles, and the southern one for traffic moving east. It is undisputed that the appellee attempted to cross the street at a "point other than within a marked crosswalk or within an unmarked

crosswalk at an intersection." Burns' (1940 Replacement), § 47-2033. In the vernacular, the appellee, when struck, was crossing the street in the "middle of the block" where there was no crosswalk marked for pedestrians' use. Under these circumstances the appellant, who was driving west and not engaged in overtaking and passing another vehicle, had a statutory duty to keep to the north and right of the center stripe, Burns' (1940 Replacement), § 47-2010, and the appellee was burdened with a duty to yield the right of way to all vehicles rightfully upon the roadway. Sec. 47-2033, *supra*.

The evidence most favorable to the appellee indicates that he attempted to cross the street from the north to the south. Before leaving the north curb he looked toward the east, the direction from which vehicles using the north half of the pavement would be expected to come. He saw a number of automobiles approaching but they were beyond the first street intersection to the east and, believing that he could proceed with safety, he started across and continued on his way without again looking toward the east. When he got to the center stripe in the street he looked to the west, the direction from which vehicles using the south half of the pavement would be expected to come, and, to use his own words, "it was clear." He crossed the center stripe and had taken two or three steps to the south thereof when he was hit by the appellant's car which approached from the east at a speed of 30 miles per hour and which he neither saw nor heard. After he was struck he was not thrown or dragged by the appellant's car but fell to the pavement at the point of impact where he remained with his head to the north several feet south of the center stripe.

From this evidence the inference is irresistible that the appellant was driving her automobile to the left of the center of the street when the accident occurred. That being true, and there being no evidence in the record tending to explain or excuse such conduct, we think it is clear that the appellant's automobile was not rightfully upon the roadway to which the statute refers in creating a duty upon pedestrians to yield the right of way to vehicles. Under these facts it seems to us that the appellee's duty was not measured by the above statute but rather by the common law requirement that he exercise that degree of care for his own safety as an ordinarily careful and prudent man would have used under the same or like circumstances. In our opinion his failure to do so does not appear as a matter of law. Whether his failure to look to the east after he had reached a zone in which vehicles are not ordinarily expected to come from the east, constituted negligence was purely a jury question under proper instructions by the court.

At the close of all the evidence and before argument the appellant tendered seven interrogatories and requested the court to submit each of them to the jury for answer. The briefs of counsel disclose no objections to these interrogatories but the court, for reasons not stated, rejected them all. In our opinion interrogatories numbered 1, 2, 5, 6 and 7 were proper and should have been submitted to the jury. Each asks for the finding of an ultimate fact and none of them contains words requiring a legal definition, through court instruction, to make the meaning clear. *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. 2d 353. While the rule is that proper interrogatories must be submitted, when properly and timely requested, it is also well estab-

lished that when the answers to interrogatories which have been refused could not control the general verdict in any event, there is no available error in refusing them. 3 Lowe's Rev., *Works' Indiana Practice*, § 56.14, and cases cited. Every reasonable presumption, inference and intendment must be indulged in favor of the general verdict, *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033, and it must stand unless its conflict with the answers to the interrogatories is such that said conflict could not have been overcome by any evidence legitimately admissible under the pleadings. *Tucker Freight Lines, Inc.* v. *Gross, supra; Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 102 N. E. 369; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156.

The interrogatories in question, if answered "yes," would have constituted a finding of contributory negligence on the part of the appellee and would bar a recovery except in the presence of facts showing a negligent failure by the appellant to take the last clear chance to avoid the accident. The fact, if it be the fact, that there is no evidence in the record warranting the application of the last clear chance doctrine is of no consequence. Even had the court submitted the interrogatories in question and had they been answered in favor of the appellant, in considering the question of whether or not the general verdict was thereby overridden, we could not have looked to the evidence. *Haddon School Twp. Sullivan County* v. *Willis* (1936), 209 Ind. 356, 199 N. E. 251; *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351. In determining the question we would have been limited to a consideration of the pleadings, the general verdict, the interrogatories and the answers thereto. *L. S. Ayres & Company* v. *Hicks* (1942), 220 Ind. 86, 40

N. E. 2d 334, 41 N. E. 2d 195; *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 38 N. E. 2d 909.

The appellant contends, however, that the doctrine of last clear chance is wholly outside the theory of the appellee's complaint and therefore evidence in support thereof would have been inadmissible and contributory negligence would bar a recovery. In *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330, last clear chance was not specifically pleaded but the court said: "The doctrine of last clear chance, generally speaking, is not a doctrine of pleading but a doctrine of evidence." In *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945, the court, in speaking of the necessity of pleading last clear chance, quoted an Iowa case with approval as follows "We do not think such an allegation is necessary to be made in the petition. It is a phase of the rights and obligations of the parties which arises upon the proofs rather than pleading. We know of no rule of pleading which requires the plaintiff in actions of this character to confess negligence on his part, and avoid it by alleging that the defendant might have averted the injury by using proper care after the discovery of plaintiff's peril." *Crowley* v. *Burlington etc., R. Co.* (1885), 65 Iowa 658, 20 N. W. 467, 22 N. W. 918. This leads us to the conclusion that the court's refusal to submit the interrogatories presently in question is not available error.

It appears from the evidence that about 20 years ago the appellee suffered a fracture of his left leg which left it, in the healing process, one-half inch shorter than normal and caused a slight limp in his gait. The present accident fractured the same leg and it is now, and always will be, one and one-half inch shorter than normal. To that extent the

permanent injuries resulting from the first accident were aggravated by the second. Apropos of this situation the court gave the following instruction: "You are instructed that where a person is without fault and is injured as a proximate result of the negligence of another person under circumstances where he is entitled to recover damages therefor, and such injury results in an aggravation of a former injury, such person so injured has a right to recover all the damages he sustains as a result of such aggravation of such former injury, and all damages which was the proximate result of his last injury." Complaint is made that this instruction is outside the issues in that no aggravation of previous injuries is pleaded. It is true that the complaint makes no mention of the prior fracture of the appellee's leg nor did he make any effort to prove the same. Evidence of such character was first developed by the appellant in his cross-examination of the appellee, apparently in an effort to show that the present deficiency in the length of the appellee's leg is only partially attributable to the accident in controversy. We think the clear effect of the instruction is to exclude damages resulting from the first accident. Of this the appellant certainly is in no position to complain.

By her tendered instruction No. 12 the appellant asked the court to mandate the jury to return a verdict in her favor in the event it found that she had the right of way at the time and place of the accident and that the appellee failed to yield the same to her, thus approximately causing his injuries. It is obvious that this instruction was predicated upon the statutory duty cast upon a pedestrian by § 47-2033, *supra*. The statute, as construed by the instruction, burdens a pedestrian with the absolute duty of yielding the right of way to a vehicle on the roadway if he attempts to

cross the same at a point "other than within a marked crosswalk or within an unmarked crosswalk at an intersection," and a failure to do so, regardless of the circumstances, convicts him of negligence which, if it proximately results in his injury, bars a recovery.

The violation of the statute prohibiting the operator of a motor vehicle from driving to his left of the center of the roadway has been held to constitute mere prima facie evidence of negligence and not negligence per se. *Lorber* v. *Peoples Motor Coach Co.* (1929), 89 Ind. App. 139, 164 N. E. 859, 172 N. E. 526. See also *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816. The reasoning back of these cases seems to be that there may be circumstances surrounding any particular case that reasonably justify a failure to obey the statute. Analogy compels the same construction of the statute here involved and, so construed, appellant's tendered instruction No. 12 was properly refused. Furthermore the court's instruction No. 15 covers this subject and is as favorable to the appellant as is possible without error. It leaves the question of contributory negligence, based on the appellee's alleged failure to yield the right of way to the jury for determination in accordance with the facts and circumstances, which, in our opinion, is as it should be and in accord with the decisions last above cited.

The appellant next complains of the court's refusal to give her tendered instruction No. 15, which we quote as follows: "In order that there may be a recovery for a negligent act or omission resulting in injury, it must appear that such injury was the natural and probable consequence of the negligent act or omission and that it ought to have been foreseen." It is apparent that this instruction was de-

signed to inform the jury concerning the doctrine of proximate cause and one of its essential elements— foreseeability. The general subject of proximate cause was fully and accurately covered by the court's instruction No. 9 and the subject of foreseeability by its instruction No. 10, which perhaps is somewhat incomplete. The tendered instruction, however, is grossly misleading in that it is open to the inference that before there can be a recovery for the negligence of another it must appear that the tort feasor, without regard to the reasonable possibility thereof, ought to have foreseen the precise accident that resulted from his conduct. While it is true that "Mischief, which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, can not be taken into account as a basis upon which to predicate a wrong," *The Wabash, St. Louis and Pacific Railway Co. v. Locke, Administrator* (1887), 112 Ind. 404, 14 N. E. 391; yet if one negligently creates a condition from which he may reasonably anticipate a certain class of injury will very likely result, and if the resulting injury is of such class, his negligence is actionable. *Button v. Pennsylvania R. Co.* (1944), 115 Ind. App. 210, 57 N. E. 2d 444; *Dalton Foundry v. Jeffries* (1944), 114 Ind. App. 271, 51 N. E. 2d 13; *Swanson v. Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. 2d 993.

Appellant's tendered instruction No. 20 is to the effect that the appellant, until she had notice to the contrary, had the right to assume that the appellee, admittedly crossing the street "at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection" would yield the right of way to her. It was refused and the appellant charges error in that respect. Assuming without deciding that the instruction is a correct

statement of the law, nevertheless it has no application to the facts in this case as the undisputed evidence discloses that the appellant did not see the appellee who was apparently oblivious to her approach, until a split second before she struck him and her conduct, in so short a time, could not possibly have been influenced by an assumption that he would yield the right of way.

At the time this appeal was perfected it was governed by the 1946 Revision of the Rules. Many of the propositions and points assigned by the appellant are not treated in her brief under the heading "Argument" as required by Rule 2-17 and we therefore consider them waived. *Gluff* v. *Rouls* (1950), 228 Ind. 186, 91 N. E. 2d 176.

Having considered all questions properly presented and finding no error the judgment is affirmed.

NOTE.—Reported in 94 N. E. 2d 371.