PONTIOUS *v.* LITTLETON.

[No. 569A77. Filed March 4, 1970.]

370

*Miller, Tolbert & Hirschauer,* Logansport, for appellant.

*William Morris* and *Lawrence M. Brown,* both of Rochester, for appellee.

LOWDERMILK, C.J.—This is an action brought by the appellee, plaintiff below, against appellant, defendant below, for property damage to appellee's automobile and house trailer which were damaged as a result of appellant's striking appellee's automobile in the intersection of Fulton and Ninth Streets in the City of Rochester, Indiana, and which collision resulted in the overturning of both of appellee's vehicles.

The issues were formed by appellee's complaint and appellant's answer thereto under Supreme Court Rule 1-3A.

Appellee in his complaint alleged certain negligent acts of appellant for the proximate cause of the collision and damage complained of, namely (a) the defendant carelessly and negligently failed and refused to yield the right-of-way when he entered the intersection; (b) defendant was driving at the unlawful rate of speed of 50 miles per hour; (c) the defendant negligently failed to keep and maintain a look-out for other people and automobiles properly and lawfully using the streets, including the plaintiff; and (d) the defendant failed to have and keep his automobile under control so as to be able to bring it to a stop in order to avoid the collision with others who might be lawfully using said intersection.

On the trial of the cause appellant, for his defense, relied

on the contributory negligence of appellee by reason of appellee's violation of the yield-right-of-way statute.

Appellant also filed a counterclaim on which the court timely rendered a judgment against appellant. No issue on the ruling on the counterclaim adverse to appellant was raised in his motion for a new trial and it is, therefore, not before this court to be considered on this appeal.

Briefly, the facts are that on October 3, 1965, appellee was driving his motor vehicle with house trailer attached thereto, of the overall length of approximately 25 to 30 feet, west on Ninth Street in Rochester, Indiana. Appellant was operating his motor vehicle south on Fulton Street in said city.

Fulton Street was a preferential street and the two streets intersected in a residential section of the city and there was a "yield" sign on Ninth Street, facing traffic approaching Fulton from Ninth.

The intersection was unobstructed. Appellee testified that he saw the yield sign as he approached Fulton Street at a speed of 10 to 15 miles per hour and looked in both directions, but did not see appellant's automobile approaching on Fulton Street. He further testified that in obedience to the sign he slowed to approximately 5 miles per hour and without stopping continued into the intersection at such speed of about 5 miles per hour. He had driven his automobile approximately two-thirds of the way across the street intersection when his automobile was struck on the right front door by appellant's automobile, traveling south on Fulton Street.

Appellant was driving at a speed of 50 miles per hour and there was evidence that he did lay down some skid marks just at the point of impact. Appellee never attempted to stop, and claimed that he did not see appellant's automobile until just prior to the impact, and claimed that he saw appellant's automobile 10 to 20 feet away and did not attempt to stop or turn his automobile, but hung tighter onto the steering wheel.

The impact resulted in the turning over of appellee's ve-

hicles, damaging the automobile in the amount of $1,658.84 and the house trailer in the amount of $1,916.44.

The cause was tried to the court, without a jury, by agreement, and the court found for appellee on his complaint and against appellant, and awarded appellee $3,578.28 damages, on February 4, 1969.

Appellant timely filed his motion for new trial, together with memorandum in support thereof. The grounds of said motion for new trial were (1) the decision of the court is not sustained by sufficient evidence, and (2) the decision of the court is contrary to law.

The motion for new trial was overruled by the court and thereafter appellant filed his transcript and assignment of errors with this court. The only assignment of errors is that the court erred in overruling appellant's motion for new trial.

Appellee testified on cross examination that he had good vision to his right—that he saw the yield sign which was back far enough from the intersection that a person going the normal rate of speed would be able to stop.

Robert Strong, a member of the police department of the City of Rochester, estimated the speed of appellant's automobile at approximately 50 miles per hour in a zone posted with a speed limit of 30 miles per hour. He further testified that he issued traffic violation tickets to both parties. He issued to appellant a traffic ticket for unreasonable speed and to the appellee for failure to yield the right of way. Appellant entered a plea of guilty to the charge filed against him and paid a fine of $1.00 and costs; appellee's charge was later dismissed, with no further action.

Nancy Cripe, a passenger in appellant's automobile at the time of the accident, testified that she was riding in the front seat, that they turned at Seventh Street onto Fulton Street, and traveled south on Fulton Street. She further testified that the first time she saw the automobile and trailer driven by appellee was when it started out into the intersection; that

she was looking ahead and that her best estimate of the appellant's speed was that they were speeding and that she told Officer Strong that they were going about 50 miles per hour; if she remembered correctly, appellant did apply his brakes prior to the collision.

Larry Cripe, a passenger in appellant's car, testified that appellant was driving 40 to 50 miles per hour and that appellant did apply his brakes before the impact.

Appellant testified that he was driving south on Fulton Street approaching Ninth and the first time he saw appellee's car was when it was right in front of him; that at that time he applied his brakes and swerved to the right, unable to stop his vehicle, and a collision occurred. At no time did he observe the Littleton car stop as it approached Fulton Street. He admitted he was arrested for unreasonable speed and entered a plea of guilty.

Appellant urgently insists that the appellee was guilty of contributory negligence, either as a matter of law or as a matter of fact. He further contends that the facts are undisputed and are established without any conflict in the evidence.

With this we cannot agree, as it appears from the evidence that we have related in this opinion that there is a conflict in the evidence.

Appellant has argued the two specifications of error set out in his assignment of errors are intermingled by reason of the fact that the applicable statute, which he contends controls this lawsuit, and the judgment, and that they will be intermingled in his argument. We shall, therefore, treat both specifications together.

Appellant, to sustain his point, submits that the decision of the trial judge is not sustained by sufficient evidence and relies on the following statutes:

*Burns' Indiana Statute* § *47-1904(a)*:

"Whenever traffic at an intersection is controlled by signs, preferential right of way may be indicated by stop signs or yield signs as authorized elsewhere in this act."

*Burns' Indiana Statute* § 47-2028(c):

"The driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for the existing conditions, or shall stop if necessary as provided elsewhere in this act, and shall yield the right-of-way to any pedestrian legally crossing the roadway on which he is driving and to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard. Said driver having so yielded may proceed and the drivers of all other vehicles, approaching the intersection shall yield to the vehicle so proceeding, provided, however, *That if such driver is involved in a collision with a pedestrian in a crosswalk or a vehicle in the intersection after driving past a yield sign without stopping such collision shall be deemed prima facie evidence of his failure to yield right of way.*" (Acts 1939, ch. 48, § 79, p. 289; 1957, ch. 290, § 4, p. 746.)  (Emphasis supplied.)

Appellant further contends that under this statute if the driver of a vehicle fails to stop and the evidence is undisputed, and a collision occurs, it is at the driver's risk because by statute he has failed to yield the right of way. His further contention is that appellee, having failed to stop in deference to the yield sign and having proceeded on through the intersection with a resulting collision in the intersection, the fact of such collision shall be deemed prima facie evidence of his failure to yield the right of way.

Appellant also urges that slowing to a speed of 5 miles per hour, for the length of the car and trailer, is not a reasonable speed under the statute, and that the evidence is undisputed that appellee failed to stop his motor vehicle in deference to the yield sign, and that the evidence being undisputed that there was a collision in the intersection, such two facts constitute prima facie evidence that appellee failed to yield the right of way.

Appellant defines "prima facie evidence" as "such evidence as will *establish a given fact,* which must be contradicted by evidence of the other party, or *such fact will be accepted as proved.*"

He cites *Harrington* v. *Hartman* (1968), 142 Ind. App. 87, 233 N. E. 2d, at page 191, as follows:

"(3) Prima facie means, 'at first sight, on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary.'"

In *Crane* v. *Morris*, 31 U. S. (6 Pet.) 598, 611, 8 Lawyers Edition 514, the court defined prima facie evidence as follows:

"Prima facie evidence of a fact has been held to be such evidence as in the judgment of the law is sufficient to establish the fact and if not rebutted, it remains sufficient for that purpose."

Appellant contends as follows:

"Under the concept of 'prima facie evidence' it was the duty in this case of the Appellee Littleton to produce evidence of facts which would excuse his not complying with the part of the statute which made it prima facie evidence of his failure to yield the right of way, when he in fact did not stop and a collision resulted. . . . If Appellee did fail to yield the right of way, this precludes him from recovery on the obvious theory of his own contributory negligence barring his recovery."

See also "Words and Phrases", Vol. 33, pp. 546-556.

From the evidence before us, we cannot say that under Burns' Ind. Stat. § 47-2028, *supra,* the appellee, although he did not stop at the yield sign, was guilty of negligence as a matter of law which proximately contributed to or caused his damages.

The preponderance of the evidence is that appellee observed the yield sign and slowed to five miles per hour, looked both ways on the intersecting street in a residential section of the city, and did not see or observe any oncoming traffic. He entered the intersection at 5 miles per hour, while the appellant entered Fulton Street two blocks away and drove at a speed of 50 miles per hour. The record is silent on the dis-

tance in feet between Ninth Street and Seventh Street on Fulton. The record is unquestioned that on approaching Fulton on Ninth Street from the east, a driver had unobstructed vision to his right on Fulton. Appellant charges appellee with seeing appellant's motor vehicle on Fulton. To sustain his contention, appellant cites the case of *New York Central Railroad Company* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571. In this case, the court held that appellee Glad, who could not see down railroad tracks, as the dump bed of his truck obliterated his view, and the driver violated the statutory duty by proceeding onto the crossing when defendant's train was "plainly visible" and in "hazardous proximity to the crossing" and before "he could do so safely", and drove onto said track and was struck by a train and injured, he was guilty of contributory negligence as a matter of law.

The court, in the *Glad* case, further said:

"Generally, the violation of a duty prescribed by statute or ordinance is negligence *per se* or as a matter of law. *Northern Indiana Transit, Inc.* v. *Burk et al.* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 17 A.L.R. 2d 572; *Hayes Freight Lines, Inc. et al.* v. *Wilson* (1948), 226 Ind. 1, 5, 77 N. E. 2d 580; *Indiana, Bloomington and Western Railway Company et al.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121; *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A, 474; *Rimco Realty & Investment Corporation* v. *LaVigne et al.* (1943), 114 Ind. App. 211, 50 N. E. 2d 953; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 398, 98 N. E. 2d 896; *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 261, 264, 69 N. E. 2d 619; *Grand Trunk Western R. Co.* v. *Briggs* (1942), 112 Ind. App. 360, 369, 42 N. E. 2d 367.

"Exceptions to this general rule have been recognized in Indiana where compliance with the provisions of the statute or ordinance was impossible or non-compliance was excusable. Under such circumstances such violation becomes, in effect, nothing more than prima facie evidence of negligence. *Larkins* v. *Kohlmeyer, supra* (1951), 229 Ind. 391, 399, 98 N. E. 2d 896; *Northern Indiana Transit, Inc.* v. *Burk et al., supra* (1950), 228 Ind. 162, 173, 89 N. E. 2d 905, 17 A.L.R. 2d 572."

· The court said, further:

"Violation of the statute herein does not *per se* make appellee guilty of contributory negligence, but the negligence for which he is responsible must either be the proximate cause of his injuries or it must proximately contribute thereto. *Huey* v. *Milligan* (1961), Ind., 175 N. E. 2d 698, 703; *Hayes Freight Lines* v. *Wilson, supra* (1948), 226 Ind. 1, 6, 77 N. E. 2d 580, 77 N. E. 2d 585.

"Unless appellee's negligence in failing to stop under the conditions and within the time prescribed by statute has some causal connection with his injury, it cannot be said that he was guilty of contributory negligence.

"The facts here are undisputed and in our judgment are such as support the sole conclusion that if appellee had exercised the care required by the statute his injury would not have occurred.

"The statute here imposes an extra duty upon travelers on the highway for their safety and protection, and under the circumstances here it may be concluded that appellee would not have been injured if he had obeyed the requirements of the statute and that his failure to exercise the care required of him under the circumstances proximately contributed to his injury.

"Failure of the train crew to give the statutory signals as the train approached the crossing did not relieve appellee from exercising the care required of him under the statute.

"Where, as here, there is no dispute concerning whether the plaintiff has violated a statute or ordinance, and it is clearly apparent that his injury would not have occurred had he observed the requirements of the statute, it may be concluded that his failure to observe such requirements was a substantial factor in producing the injury, and he is guilty of contributory negligence as a matter of law."

The court, in the *Glad* case, further discussed the violation of an obligation imposed by statute being negligence *per se,* and reaffirmed the rule. The court said further:

"It is also the general rule that 'a violation of a statute enacted for reasons of safety is negligence *per se,* or negligence as a matter of law.' *Northern Ind. Transit, Inc.* v. *Burk, supra* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 909, 17 A.L.R. 2d 572.

"However, negligence *per se* or as a matter of law does not necessarily mean liability *per se.*"

It is interesting to note that our Supreme Court, after stating that the violation of a statute enacted for reasons of safety is negligence *per se,* or negligence as a matter of law, added "However, negligence *per se* or as a matter of law does not necessarily mean liability *per se.*"

We are of the opinion that it is incumbent upon this court, and all courts passing upon this question, to always bear in mind that negligence *per se* does not necessarily mean liability *per se.*

We are of the opinion that the statute on the failure to yield right-of-way making a party who has failed to yield the right-of-way and has become involved in a collision as a result thereof does not make such party liable *per se,* merely because he did not yield the right-of-way; such party may rebut the prima facie evidence of negligence by presenting evidence that his acts were the acts of a reasonably prudent man under the same or like circumstances and further to place liability on the party violating the statute his violation of the statute must be shown to be the sole proximate cause of the collision or of his own injuries, and under which condition he could not recover.

Appellant further argues that the appellee did not look, or if he looked, he didn't see what was apparent to him or could have been apparent and that such constitutes negligence. In support of this he cites *Devine* v. *Grace Construction and Supply Company* (1962), 243 Ind. 98, 181 N. E. 2d 862.

In that case the Supreme Court held that the failure of a motorist who had been traveling at a speed of 50 to 55 miles per hour, to reduce speed after he had driven around three barricades and passed signs warning of a construction zone was contributory negligence, even if he did not observe the signs and barricades. The court, speaking further said:

"Generally, 'it is negligence to fail to see or hear that which you could see or hear, by the exercise of ordinary and reasonable care, and for that reason the law attaches the same legal consequences for not seeing or hearing as it does if in fact you did see and hear.' [Citing cases.]"

The *Glad* case and the *Devine* case are distinguishable from the case at bar in that, in the *Glad* case the driver of a truck had absolutely no vision down the tracks because he could not see around his truck bed. In the *Devine* case the construction company had several lighted barricades out, which he drove around and then complained that the last one before his collision was not lighted. He was on notice from the barricades in the road that hazards lay ahead and he did not act as a reasonable man would have acted with such knowledge, and the court said, further, that he, having driven around three or more barricades, must have seen them, and they would have furnished notice to him that the road was under construction and hazardous and that the same was sufficient warning to drive at "an appropriate reduced speed" with respect to the conditions of the highway.

The evidence in the present case clearly indicates that appellee respected the yield sign by slowing to 5 miles per hour and looked both ways and saw no approaching vehicles on Fulton Street and continued in his efforts to cross Fulton. The evidence is, further, that appellant, without stopping, drove onto Fulton Street at Seventh Street, which was two blocks from the intersection where the collision took place.

There was no evidence as to the distance between Seventh and Ninth Streets on Fulton. The court may have determined from all the evidence in the cause that appellant was on Fulton at Seventh when the appellee looked in that direction and was such a distance from Ninth Street that a reasonable man would consider he had time to cross said intersection with safety, or the court may have considered that the appellant's speed of 50 miles per hour in a 30 mile zone was negligent and the proximate cause of the collision. The trial judge may

have determined that the appellant did not have his car under control as charged in the complaint. These are all things which may have been considered by the trial judge as inferred from the evidence and it is not for us to second-guess the trial court, who was in a position to know about the things we have discussed here.

This court cannot, and will not, weigh the evidence; that was the duty of the trial court, who saw and observed the witnesses on the stand, took into consideration their truthfulness, their bias and interests in the case, and was in a better position to understand the evidence, draw inferences therefrom, and determine the truth of the collision in question.

Contributory negligence is ordinarily a question of fact for determination by the jury or the trial court and it is only in cases where the facts are undisputed and a single inference can be drawn therefrom that the Appellant Court can say as a matter of law that the course of conduct shown constitutes contributory negligence. *N.Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453. See also: *Tate* v. *West* (1950), 120 Ind. App. 519, 94 N. E. 2d 371; *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 572, 167 N. E. 551.

In *Armstrong* v. *Oster* (1919), 189 Ind. 1, 123 N. E. 109, the court said:

". . . The trial court heard the evidence and found upon the issues presented by the remonstrance in favor of the remonstrants. We have examined the record and find the evidence contradictory, but that the finding of the court is amply sustained by the evidence. The evidence is sufficient on appeal if the inferences from the evidence are sufficient to support the judgment. It is not essential that the facts be established by positive evidence. *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763. It is sufficient that the evidence supplies reasonable grounds for inferring facts essential to recovery. *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 215. Where the evidence is conflicting, in

determining whether a finding in favor of appellee is warranted, only the uncontroverted facts and the evidence most favorable to appellee and the favorable inferences that may be drawn therefrom can be considered on appeal. *Union Nat. Bank, etc.* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110; *Peabody-Alwert Coal Co.* v. *Yandell* (1912), 179 Ind. 222, 100 N. E. 758. . . ."

The above is still the law and we are bound thereby.

Under the guidelines of *Armstrong* v. *Oster, supra,* this court necessarily must find that there was sufficient evidence on which the trial court could find for the appellee and against the appellant and that the finding and judgment was based on sufficient evidence.

We are of the further opinion that reasonable men, after hearing the evidence, drawing reasonable and natural inferences and carefully weighing the evidence might reasonably be expected to come to different conclusions.

It is only where reasonable men, after considering the evidence, would all come to but one and the same conclusion, which was contrary to the finding and judgment of the trial court, that such finding and judgment would be contrary to law.

In *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, the court said:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Costs versus appellant.

Carson and Cooper, JJ., concur; Sullivan, J., concurs in result only.

NOTE.—Reported in 255 N. E. 2d 684.