HARLEY REEL *v.* WAYNE E. BECKNER.

[No. 870A140. Filed November 3, 1971.]

*Lloyd H. Milliken, Jr., Lock, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellant.

*John A. Young, Thomas P. Ledgerwood, Rocap, Rocap, Reese & Young,* of counsel, of Indianapolis, for appellee.

WHITE, J.—This is an automobile-pedestrian knock-down case tried to a jury which returned a defendant's verdict. The pedestrian-plaintiff-appellant claims error in the giving of three instructions tendered by defendant and in the refusal of one instruction tendered by plaintiff.

Defendant's instruction No. 5, given over plaintiff's objection is identical to defendant's instruction No. 8 in *Hill* v. *Jennings* (1971), 149 Ind. App. 241, 271 N. E. 2d 473, 26 Ind. Dec. 289, except for one word.[1] The jury herein was told that "in such event your verdict may be for the defendant . . .",

---

1. Actually two words were changed. The *Hill* instruction said "taxicab" where that at bar says "vehicle."

not "*should* be", as in *Hill.* Whether the mandatory nature of the instruction has thus been eliminated needs no answer since that is not the objection here. The present appellant bases his objection on the condemnation of presumptions which is found in *Baltimore & Ohio R. Co.* v. *Reyher* (1939), 216 Ind. 545, 550, 24 N. E. 2d 284, 285. That case states what was the unarticulated basis of the *caveat* in the *Hill* opinion that it "should . . . not be understood . . . as inviting attempts at rehabilitation through minor modification."[2] For the reasons stated in *Baltimore, etc.* v. *Reyher, supra,* it was reversible error to give defendant's instruction No. 5. *Lowden* v. *Pennsylvania R. Co.* (1907), 41 Ind. App. 614, 618, 82 N. E. 941, 942, insofar as its holding rests on the statement that "the law presumes that she must have seen that which was within the range of her vision if she gave attention and looked", is hereby overruled.

Defendant's instruction No. 6 quoted verbatim Ind. Ann. Stat. § 47-1816 (Burns 1965 Repl.) which is merely a definition of a cross-walk and concluded with the statement that "if you find the plaintiff . . . violated *any* of the above statutes without justification, then you may consider such violation in determining whether plaintiff himself was negligent." Since the statute does not purport to make any act illegal it could not be violated. The instruction is bad for the reasons stated in *Commissioners of Miami County* v. *Klepinger* (1971), 149 Ind. App. 377, 273 N. E. 2d 109, 27 Ind. Dec. 8. Unfortunately, plaintiff's objection conceded that it was a correct statement of the law but that plaintiff's instruction No. 2 (given) is more applicable and thus No. 6 would tend to confuse the jury. While we doubt the efficacy of this instruction we see no merit in the objection.

Defendant's instruction No. 7 quoted Ind. Ann. Stat. § 47-2033 (Burns 1965 Repl.) which requires that every pedestrian who crosses a roadway not at a crosswalk "shall yield the right-of-way to all vehicles upon the roadway." Plaintiff

---

2. The *Hill* opinion was handed down long after the case at bar was tried. By mere coincidence it confirms the *caveat.*

relies on *Tate* v. *West* (1950), 120 Ind. App. 519, 529, 94 N. E. 2d 371, 375, which condemns a "tendered instruction No. 12" (not quoted) which would have "mandate[d] the jury to return a verdict in . . . [defendant-motorist's] favor" for the pedestrian's failure to yield the right of way pursuant to that statute. There is no such mandate in the instruction here and it does not construe the statute so as to impose the "absolute duty of yielding the right of way" which was condemned in *Tate*.

Plaintiff's tendered instruction No. 8, which the trial court refused to give would have told the jury that if they found defendant was exceeding the posted speed limit of thirty-five miles per hour it was evidence of his negligence. The evidence was insufficient to have supported such a finding and it was not error to refuse the instruction.

For error in giving defendant's instruction No. 5 the judgment is reversed and the cause remanded with instructions to grant plaintiff a new trial and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Hoffman, C. J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 548.