C. ALVA NUGENT ET AL. *v.* LENA M. SMITH,
CO-ADMINISTOR ET AL.

[No. 871A163. Filed October 17, 1972.]

*Robert L. Stevenson, Phillips & Stevenson,* of Columbus, for appellants.

*James W. Holland, Anness & Holland,* of Columbus, *Charlton J. Walker,* of Columbus, for appellees.

LYBROOK, J.—This appeal arises from a negligence action, tried without jury, wherein the plaintiffs-appellees (Smith) recovered judgment for damages in the amount of $120,306.47, for death of their decedent, against defendant-appellant, C. Alva Nugent. (Nugent).

Nugent duly filed his Motion to Correct Errors, which was overruled, and now brings this appeal.

His contentions of error are: (1) There was insufficient evidence to sustain the court's decision, (2) The decision of the court was contrary to the evidence, (3) The court's decision was contrary to law, and (4) The court erred in

its Order and Special Findings of Fact and Conclusions of Law, generally as they related to liability, in that there was a total absence of evidence to support them. There was practically no dispute in the evidence and this appeal turns on whether or not the findings of fact and the judgment are supported by sufficient evidence.

The collision occurred on May 16, 1967, at 6:40 A.M., at the intersection of U.S. 31, a four lane preferential highway, and Lowell Road in Bartholomew County. Both drivers were on their way to work. Smith was operating a 1966 Honda motorcycle in the right hand southbound lane of U.S. 31 and Nugent was driving a 1966 Rambler sedan west on Lowell approaching the aforesaid southbound lanes. The northbound and southbound lanes of U.S. 31 were separated by a grass median about 200 feet in width. There was a stop sign for westbound traffic on Lowell Road as it approached the south-bound lanes. Both highways were level and there were no obstructions to interfere with either driver's view of the other for a distance of a least 600 feet from the intersection. The road was dry, the weather was clear and Smith was wearing bright yellow clothing.

Nugent testified, and the trial court found, that he stopped at the stop sign and looked both ways before proceeding into the intersection. There was no evidence to the contrary. Nugent further testified that he did not see Smith prior to the collision.

The impact occurred when the rear one-third of Nugent's car was in the right hand southbound lane of U.S. 31. The right "spill-bar" of Smith's motorcycle struck the right end of Nugent's rear bumper. Smith was thrown from his motor-cycle and suffered severe injuries from which he eventually died without regaining consciousness. Smith was 49 years of age and Nugent was 75.

A well established rule prohibits this court from weighing evidence. It may review the record only to determine whether

any evidence of probative value existed from which the trier of fact could reasonably have made the necessary inferences to support his judgment. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Rudd* v. *Anderson* (1972), 153 Ind. App. 11, 285 N. E. 2d 836; and *Wh. J. & M. S. Vesey, Inc.* v. *Hilman* (1972), 151 Ind. App. 388, 280 N. E. 2d 88.

In *Pokraka* v. *Lummus Co., supra,* the court said:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Since the legal duties owed by each driver to the other are defined by statute, we must consider the facts of this case in the light of IC 1971, 9-4-1-83; Ind. Ann. Stat. § 47-2028 (a) (Burns 1965), which reads as follows:

"The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

Appellant contends that there was no evidence supporting the trial court's ruling that Smith was approaching "so closely as to constitute an immediate hazard." He makes the same assertion concerning the court's finding that Nugent failed to maintain a proper lookout for vehicles on the preferential highway.

Nugent cites *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N. E. 2d 684, and *Reel* v. *Beckner* (1971), 149 Ind. App.

663, 274 N. E. 2d 548. Each of these cases can be distinguished from the case at bar upon its facts and neither is decisive of the problems at hand.

Smith maintains that the trial court's findings are supported by the facts and the inferences to be drawn therefrom; arguing, for example, that Nugent's failure to see Smith results in a reasonable inference that Nugent failed to maintain a proper lookout. We agree. Even though there was no evidence of Smith's exact distance from the intersection when Nugent pulled out, the trial court could properly infer that he was approaching so closely as to constitute an immediate hazard and that had Nugent carried out his duty to look for approaching traffic, he would have seen Smith.

Appellant finally contends that Smith was contributorily negligent since he had a clear view of the intersection and made no attempt to stop, turn or avoid Nugent. From the facts before it, the trial court could reasonably have inferred that Smith saw Nugent stop and presumed that he would obey the law and give Smith the right-of-way. This is a legally valid presumption. *Kiger* v. *Arco Auto Carriers, Inc.* (1969), 144 Ind. App. 239, 245 N. E. 2d 677.

In *Pontious* v. *Littleton, supra,* the court held that:

> "Contributory negligence is ordinarily a question of fact for determination by the jury or the trial court and it is only in cases where the facts are undisputed and a single inference can be drawn therefrom that the Appellant [sic] Court can say as a matter of law that the course of conduct shown constitutes contributory negligence. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453. See also: *Tate* v. *West.* (1950), 120 Ind. App. 519, 94 N. E. 2d 371; *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 572, 167 N. E. 551."

The court also stated:

> "This court cannot, and will not, weigh the evidence; that was the duty of the trial court, who saw and observed the

witnesses on the stand, took into consideration their truthfulness, their bias and interests in the case, and was in a better position to understand the evidence, drawn inferences therefrom, and determine the truth of the collision in question."

Appellate Rule 15(M) reminds this court of its duty by stating:

"A verdict, finding, judgment, order or decision shall be reversed upon appeal as not supported by or as contrary to the evidence only when clearly erroneous, and due regard shall be given to the opportunity of the finder of fact to judge the credibility of witnesses."

We have reviewed the evidence and find that inferences to support the findings and judgment of the trial court could have been properly drawn.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 287 N. E. 2d 899.