## DENHAM ET AL. v. ORR ET AL.

[No. 21,923.   Filed May 15, 1913.]

1. DRAINS.—*Proceedings to Establish.*—*Remonstrances.*—*Number of Remonstrants.*—*Determination of Sufficiency.*—Under §6142 Burns 1908, Acts 1907 p. 508, providing that if within twenty days from the day set for docketing a drainage petition, two-thirds in number of the landowners named in the petition, or who may be affected by any assessment or damages, shall remonstrate in writing against the construction of such drain, such petition shall be dismissed, the status of the parties proper to be considered in determining the sufficiency of any such remonstrance is fixed as of the date on which the remonstrance is filed, so that a remonstrance, sufficient as to number of signers at the time of filing, will not be rendered insufficient by a subsequent increase in the number of landowners even though such increase occurs before the expiration of the time within which such remonstrances may be filed.  pp. 521, 522.

2. DRAINS.—*Proceedings to Establish.*—*Statutes.*—*Construction.*— While drainage statutes should be liberally construed so as to promote the drainage and reclamation of wet lands, the construction should be such as will defeat all attempts to do in an indirect or circuitous manner that which cannot be done directly. p. 522.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Proceedings by John W. Denham and others for the establishment of a drain, against which Will Orr and others remonstrated.   From a judgment for remonstrants, the petitioners appeal.   *Affirmed.*

*Hickey & Wolfe,* for appellants.
*Weir & Worden,* for appellees.

SPENCER, J.—In this proceeding appellants sought to have constructed a certain drain in Laporte County.   The facts material to a determination of the sole question presented by this appeal were found by the trial court to be, in substance, as follows: that on December 20, 1910, John W. Denham, Rachel Sutermeister and Edward Singleton filed their petition in the Laporte Circuit Court for the drain-

age of certain lands in Laporte County; that said petition was docketed in said court on January 17, 1911, but prior to that date the petitioner, Edward Singleton, filed his written withdrawal from said petition; that on January 19, 1911, appellees, eight in number, filed what is termed a two-thirds remonstrance in writing to said petition; that the time for filing such remonstrance expired on February 9, 1911; that on January 24, 1911, the petitioner John W. Denham, by warranty deed, conveyed to his son, Arthur M. Denham and Ruby Denham, wife of Arthur, as tenants in common, six and one-half acres of land, being part of the land described in the petition as owned by said John W. Denham; that the said Arthur M. Denham and Ruby Denham paid nothing for said land although the deed recites that it was made for and in consideration of the sum of one dollar and other valuable consideration; that said deed was recorded in the recorder's office of said county on February 7, 1911, after the filing of the two-thirds remonstrance, and before the expiration of twenty days after the time of docketing, exclusive of the day of docketing and Sundays; that the said Arthur M. Denham and Ruby Denham are residents of Laporte County, who are not named in said petition, and are the owners of land which will be affected by an assessment for the proposed drain, if constructed, "but that their title to said land was acquired after the filing of said remonstrance, and the said land was deeded to them by John W. Denham, one of the petitioners, who verified the petition, and was so deeded after the remonstrance was filed and for the purpose of defeating the remonstrance." Other findings related to the interests of certain other landowners whose lands would be affected by the proposed drain and are not material here.

Upon this special finding of facts, the court stated its conclusions of law to be as follows: "That there are twelve (12) landowners, residents of said county, whose lands will be affected by an assessment for the construction of said

drain, and that two-thirds of said landowners have signed and filed their remonstrance against the construction of said drain; that the law is with the remonstrants, and the petition herein should be dismissed.''

Appellants concede that if Arthur M. Denham and Ruby Denham are not to be counted in determining the sufficiency of appellees' remonstrance, then the court did not 1. err in its conclusions of law and the petition was properly dismissed. But it is contended that they should be counted and that as the total of resident landowners whose lands would be affected by the proposed drain would then be fourteen, appellees' remonstrance would then be insufficient. The precise question presented for our determination seems to be a new one and may be thus stated: Shall a landowner, otherwise qualified, be counted in determining the sufficiency of a two-thirds remonstrance to a drain petition, when he acquired title after the filing of the remonstrance, but before the expiration of the twenty-day period allowed for the same?

This proceeding is governed by §6142 Burns 1908, Acts 1907 p. 508, wherein it is provided ''that if within twenty (20) days, exclusive of Sundays, from the day set for the docketing of such petition, two-thirds in number of the land-owners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners.'' Appellants rely on the case of *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161, as holding that when a two-thirds remonstrance is filed under §6142, *supra,* the status of the parties to the entire proceeding is fixed as of the date on which the time allowed for the filing of such a remonstrance expires. The question there presented, however, differs materially from the one now under consideration. In that case, after the expiration of twenty

days from the filing of the remonstrance, seven of the re-
monstrators filed a written withdrawal therefrom, which
was stricken out by the trial court. In considering the
question on appeal this court, at page 514, used this language
which is relied on by appellants: "Upon every analogy it
must be true with respect to drains, as in the case of liquor
remonstrances or road petitions, that the remonstrance must
contain the requisite two-thirds at the time of the expira-
tion of the time for filing, and in case of remonstrances to
highway petitions, at the time acted on. The status thus
fixed in a drainage case cannot be affected by subsequent
additions or withdrawals, just as withdrawals from road
petitions cannot affect the jurisdiction, so long as any
petitioner remains." The court therein held that at the
expiration of the time allowed for filing the two-thirds re-
monstrance, such remonstrance, if any, to be operative must
contain the signatures of at least two-thirds of the proper
parties to the proceedings and that no change of attitude
by any of such parties subsequent to the expiration of such
time should affect either the petition or the remonstrance.
Of course, the right of one who signs the remonstrance to
regularly withdraw his name therefrom within the twenty-
day period is not to be doubted. But in the case at bar,
the question is not one of change of attitude but of change
of parties and involves a determination of who are proper
parties to the proceedings. While it is true, as ap-
pellants insist, that statutes such as the one here
under consideration should be liberally construed so
as to promote the drainage and reclamation of wet or over-
flowed lands, it is equally true that such statutes should be
so construed as to defeat all attempts to do in an indirect
or circuitous manner that which can not be done directly.

The opportunity for fraud and collusion on the part
either of those opposed to a drainage petition or of
those in favor of it would be very apparent if we
should adopt the construction of this statute for which ap-

pellants contend. As was said in *Thorn* v. *Silver, supra,* at page 518, the interest which a landowner must possess under this statute ''is not one of degree, and he who has the smallest interest has the same voice as the one who has the greatest''. We do not conceive it to be the intention of the legislature that when two-thirds of the landowners who would be affected by a proposed drain should sign and file a remonstrance against the same, they should be required to exercise eternal vigilance lest their remonstrance be defeated by the division and transfer by an unscrupulous petitioner of a small part of his lands to certain of his friends. And even such vigilance might be rendered fruitless by the failure of the grantees to record their deeds within' the twenty-day period or, if the conveyances be discovered, the way would be open to similar tactics on the part of the remonstrators and confusion would result. The proper construction of §6142, *supra,* is that in determining the sufficiency of a two-thirds remonstrance filed thereunder the status of the parties proper to be considered is fixed as of the date on which the remonstrance is filed but that the individual attitude of such parties toward the proceeding is not deemed to be fixed until the expiration of the twenty-day period. This construction on the one hand tends to prevent a collusion to defeat the rights of protesting landowners and on the other it works no hardship on a *bona fide* purchaser during said period of lands described in the petition, since the pendency of the proceeding in the circuit court is notice to him. *Shirk* v. *Whitten* (1892), 131 Ind. 455, 31 N. E. 87.

The trial court did not err in its conclusions of law, and the judgment is therefore affirmed.

NOTE.—Reported in 101 N. E. 811. See, also, under (1) 14 Cyc. 1036; (2) 14 Cyc. 1024. As to drainage as a public use under the law of eminent domain, see 102 Am. St. 832.