IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1919, AND MAY AND
NOVEMBER TERMS, 1920, IN THE ONE HUNDRED
FOURTH YEAR OF THE STATE

---

ARMSTRONG ET AL. *v.* OSTER ET AL.

[No. 23,321. Filed April 25, 1919.]

1. DRAINS.—*Remonstrances.—Sufficiency.*—The statement in a re-
monstrance to a drainage proceeding, under §6142 Burns 1914,
Acts 1907 p. 508, that "the remonstrants constitute more than
two-thirds of the resident landowners of —————— county named
in the petition and affected by said proceeding," did not render
the remonstrance insufficient as confining the issues to residents
of such county only, in view of a further statement therein that
the remonstrators constituted more than two-thirds of the land-
owners named as such in the petition, or who may be affected by
any assessment or damages, resident in the county or counties
where the lands are situated. p. 3.

2. DRAINS.—*Remonstrance.—Number of Parties.—Burden of Proof.*
—In determining whether a remonstrance to a proposed drain
is signed by two-thirds in number of the landowners affected, etc.,
as required under the first proviso of §6142 Burns 1914, Acts 1907
p. 508, the status of the parties proper to be considered is fixed as
of the date on which the remonstrance is filed; and the burden
of showing that the remonstrance is so signed by the requisite
number is on the remonstrants. p. 4.

3. DRAINS.—*Remonstrance.—Number of Remonstrants.—Determi-
nation.*—The first proviso of §6142 Burns 1914, Acts 1907 p. 508,
providing for the dismissal of a drainage proceeding on the filing

of a remonstrance by two-thirds of the petitioning landowners or parties affected, etc., requires that, in determining the sufficiency of the remonstrance as to the number of signers, the parties affected by any assessment or damages, in addition to those named in the petition, should be counted, regardless of the extent or value of their interests. p. 5.

4. DRAINS.—*Remonstrance.*—*Number of Remonstrants.*—*Finding.*—*Effect on Appeal.*—A special finding by the trial court that a remonstrance filed in a drainage proceeding, under §6142 Burns 1914, Acts 1907 p. 508, contains the requisite two-thirds of affected landowners is conclusive on appeal. there being some evidence in the record to support it. pp. 5, 6.

5. APPEAL. — *Review.* — *Evidence.* — *Sufficiency.* — In determining whether a finding for the appellee is warranted, where the evidence is conflicting, only the uncontroverted. facts, the evidence most favorable to the appellee, and the favorable inferences that may be drawn therefrom will be considered on appeal. p. 5.

From DeKalb Circuit Court; *Dan M. Link*, Judge.

Proceeding by William Armstrong and another to establish a drain, in which Winifred O. Oster and others filed a remonstrance. From a judgment dismissing the petition, the petitioners appeal. *Affirmed.*

*C. S. Smith* and *H. W. Mountz*, for appellants.
*Edgar W. Atkinson,* for appellees.

WILLOUGHBY, J.—This was a proceeding filed in the DeKalb Circuit Court of DeKalb county, Indiana, in which the appellants sought to have constructed and established a certain drain in DeKalb county. The petition was filed under §6142 Burns 1914, Acts 1907 p. 508, and contained all the necessary averments required under said statute. The appellants, William Armstrong and Elizabeth Armstrong, were the only petitioners. What is termed a two-thirds remonstrance in writing was filed in said court to said petition in which the remonstrators alleged that they constituted "more than two-thirds in number of the land-

owners named as such in the petition, or who may be affected by any assessment, or damages, resident in the county or counties where the lands affected are situated,'' and asked that said proceedings be dismissed by the court, on the grounds named in said remonstrance. Upon the issues made by the petition and remonstrance the case was tried in the DeKalb Circuit Court, and the court found in favor of the remonstrants and rendered judgment that the petition be dismissed, and that remonstrators recover costs from petitioners. The petitioners filed a motion for a new trial, which was overruled and petitioners appealed.

The errors relied on for reversal are: ''The court erred in overruling appellant's motion for a new trial and dismissing appellant's petition.'' The motion for a new trial alleges that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The remonstrance is signed by sixty-four persons and in such number are included all the persons except two, the petitioners, William Armstrong and Elizabeth Armstrong, who are named in the petition as persons whose lands would be affected by said proposed drainage. The appellants claim that the remonstrance is insufficient for the reason that it says ''that the remonstrants constitute more than two-thirds of the resident landowners of DeKalb county named in the petition and affected by said proceeding,'' and would therefore confine the issue to residents of DeKalb county only. An examination of such remonstrance shows, however, that it contains the further statement ''that the remonstrators constitute more than two-thirds in number of

the landowners named as such in the petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated.'' The remonstrance was sufficient under the statute to present the question. The statute provides: ''That if within twenty days, exclusive of Sundays, from the day set for the docketing of such petition, two-thirds in number of the landowners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners.''

The proper construction of §6142 Burns 1914, supra, is that, in determining the sufficiency of a two-thirds remonstrance filed thereunder, the status 2. of the parties proper to be considered is fixed as of the date on which the remonstrance is filed (Denham v. Orr [1912], 179 Ind. 519, 101 N. E. 811); that a remonstrance, to defeat the construction of a drain, must be signed by two-thirds in number of the landowners named as such in the petition, or who may be affected by the assessment or damages, resident in the county or counties where the lands affected are situated, and the burden of showing that the remonstrance is so signed is on the remonstrators. Rankin v. McCollister (1910), 175 Ind. 387, 93 N. E. 209.

Special findings showing that, from the lands of certain remonstrators, not named in the drainage petition, the ''surface water by natural and artificial courses finally flows into the proposed drain,'' do not authorize the Supreme Court, as a matter of law, to

say that such lands were either benefited or damaged, there being nothing in the findings to show that such lands would be affected by any assessment or damages. *Rankin* v. *McCollister, supra.*

Persons whose lands are affected by a proposed drain, even though they are not named in the petition or remonstrance, may be counted in determining the sufficiency of a remonstrance with reference to the number of remonstrators, since such persons, as well as owners named in the petition or remonstrance, must bear the burden of any assessment that may be made against their lands, and by standing silent they as effectually express their wishes as do those who remonstrate. *Rayl* v. *Kirby* (1913), 180 Ind. 553, 102 N. E. 136, 103 N. E. 440.

The first proviso of §6142 Burns 1914, *supra,* providing that where "two-thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners," requires that not only those named in the petition, but also those affected by the assessment or damages, should be counted, regardless of the size or value of their interests, and a decision that a remonstrance filed in a drainage proceeding contains the names of two-thirds of such affected property owners is fatal to the drainage proceedings. *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161.

The petition in this case was filed July 8, 1916, and the day set for docketing was August 7, 1916, and on

the same day, after said cause was placed on the docket as an action pending, the remonstrance was filed asking that said cause be dismissed for the reasons stated in said remonstrance.

The appellants contend that one of the sixty-four remonstrants was a resident of California, and that a large number of persons not named in the petition or remonstrance, and who lived in the counties in which the lands affected by such drainage were situated, owned lands which would be affected by such drainage, and when they were counted the remonstrance would not contain two-thirds in number of the persons whose lands were affected by said ditch proceedings. The appellants also insist that the remonstrants did not discharge the burden which the law puts upon them by proving that the remonstrance was signed by two-thirds of all the landowners who might be affected by any assessment or damages.

One of the petitioners, William Armstrong, testified that, as near as he could tell, he had placed in his petition the names of all persons affected by the drainage. The trial court heard the evidence and found upon the issues presented by the remonstrance in favor of the remonstrants. We have examined the record and find the evidence contradictory, but that the finding of the court is amply sustained by the evidence. The evidence is sufficient on appeal if the inferences from the evidence are sufficient to support the judgment. It is not essential that the facts be established by positive evidence. *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502; 114 N. E. 763, 116 N. E. 752. It is sufficient that the evidence supplies reasonable grounds for inferring facts

essential to recovery. *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 215. Where the evidence is conflicting, in determining whether a finding in favor of appellee is warranted, only the uncontroverted facts and the evidence most favorable to appellee and the favorable inferences that may be drawn therefrom can be considered on appeal. *Union Nat. Bank, etc.* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110; *Peabody-Alwert Coal Co.* v. *Yandell* (1912), 179 Ind. 222, 100 N. E. 758. This court cannot reverse a case for lack of evidence, when the court is not convinced that some essential element of the case is wholly unsupported by evidence. *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 119 N. E. 833.

There was evidence to support the decision of the trial court, and the court did not err in overruling appellant's motion for a new trial, and in dismissing appellant's petition.

Judgment affirmed.