# UNITED STATES STEEL PRODUCTS CO, v. NOBLE.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

No. 110.

1. **Appeal and error** ⬅273(5)—**Exception to instruction implying liability if defendant failed to provide either of protective devices should have been taken.**

In action for injuries to ship's engineer, caused when gauge on boiler blew out, clear and specific exception should have been taken to instructions which implied liability if defendant failed to furnish "either" a protecting screen or chains for operating valves.

2. **Master and servant** ⬅101, 102(1)—**Injuries held actionable, though employee might have devised means to protect himself.**

That ship's engineer injured when gauge on boiler blew out, might have devised a means to protect himself from such injury, held not to preclude recovery for defendant's failure to furnish usual protective devices.

3. **Master and servant** ⬅103(2)—**Instruction denying recovery by servant, failing to perform duty of installing protective devices, held erroneously denied.**

In action for injuries to ship's engineer, caused when gauge on boiler blew out, instruction that, if it was plaintiff's duty to see that protective devices were in place, and if they were available, but were not put in place, there could be no recovery, held erroneously denied.

In Error to the District Court of the United States for the Southern District of New York.

Action by Lawrence J. Noble against the United States Steel Products Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and Vernon S. Jones, both of New York City, of counsel), for plaintiff in error.

Macklin, Brown & Van Wyck, of New York City (P. M. Brown, of New York City, and Thomas J. Brennan, of Brooklyn, N. Y., of counsel), for defendant in error.

Before ROGERS, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. While Noble, the third engineer on defendant's steamship, was on watch, the glass on the water gauge on the center of the steamer's three boilers blew out—a not unusual occurrence—to remedy which a supply of extra glasses was kept on hand. After shutting off the valves or cocks on the gauge to stop the escape of steam from the opening, Noble obtained and insert-

ed a new glass. Then, in opening the valves to let steam and water into the glass, he tapped the upper and lower arms of the valves, necessarily with a hammer handle, in order to do this evenly and to equalize the pressure. While he was so engaged the new glass blew out, resulting at least in loss of sight of one eye.

The only question which we deem it necessary to consider on this writ of error to reverse a judgment for over $39,000 is the correctness of the trial judge's charge to the jury in one or two respects.

[1] 1. If, as was customary, either a fine wire screen or guard had been around the glass to catch the fragments, or chains, attachable to the arms of the valves and falling down into the engine room, thereby permitting the valves to be closed and opened again from the engine room, had been in place, the accident could not have occurred.

Concededly the chains were not in place. The jury resolved the serious conflict in the evidence as to whether or not there was such an available screen on board in plaintiff's favor. We note, in passing, that while, literally construed, the language of the charge in one place implies liability if either screen or chains were not provided, the evident slip in the use of "either" for "both" could not, in the light of the entire charge, have misled the jury; in any event, such an error should have been called to the attention of the court at the conclusion of the charge by clear and specific exception.

[2] 2. Exception was duly taken to the following passage in the charge:

"This plaintiff is not obliged to invent some scheme, he is not obliged to provide some other method, which a skillful mechanic, perhaps, might provide. He is not under any such obligation. The fact that a skillful man or an inventive man might have some device which would be just as good as the thing provided does not enter into the case at all. The question is whether or not this defendant provided suitable appliances, whether they were there, and whether they were in proper condition to be used. That is the problem."

The chains or screen were the customary appliances to be furnished by defendant; that plaintiff might have had or had sufficient skill or inventive genius to enable him, on the spur of the moment, in the emergency, to invent some substitute, does not absolve defendant from its duty to supply the or-

dinarily reasonable appliances, so that plaintiff might with reasonable safety perform his duties.

[3] 3. There is, however, a conflict as to whether, during Noble's watch, which had begun three hours before the accident, it was his or the chief engineer's duty to see that the arms of the valves were equipped with chains, wires or ropes, all of which were testified to have been available in the storeroom. The court did not submit this matter to the jury, and refused, as requested, to charge that—

"If the jury finds that it was the plaintiff's duty to put either chains, ropes or wires on the arms which operated the valves at the top and at the bottom of the gauge glass, for the purpose of operating such valves on the engine room floor below the grating, and the jury also finds that the vessel was equipped with such chains or ropes or wires which could have been used by the plaintiff for that purpose during the time from 8 to 11 that he was on watch on the day of the accident, and the jury further finds that the accident was the result of failure of Noble to use such equipment, plaintiff cannot recover in this case."

In this respect we are of the opinion that there was reversible error.

The discussion in the charge as to contributory negligence was irrelevant. Neither contributory negligence nor assumption of risk is here involved. The question is whether or not the accident was due solely to Noble's neglect of duty to attach the available chains, ropes or wires. If the jury believed that such attaching was, as the chief engineer testified, only a minor repair—not such as required his specific permission, but, on the contrary, such as fell within the duty of the third engineer when, at the beginning of his watch, he found or knew that no chain was attached—then on authority and reason his failure to make the attachment is the sole proximate cause of his injury. As against another employee, the employer may not delegate the duty of keeping in reasonably safe condition the essential appliances; but the employee charged with the very duty of so keeping them cannot make his own neglect of that duty the basis of a claim against his employer. Great Northern R. R. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732; Frese v. C., B. & Q. R. R., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131.

Reversed and remanded.