**Argel L. PARKER**

v.

**GREAT ATLANTIC AND PACIFIC TEA COMPANY.**

**No. 14.**

United States District Court
N. D. Indiana, Hammond Division.

Dec. 31, 1956.

William K. Bennett, Lafayette, Ind., for plaintiff.

Stuart, Devol, Branigin & Ricks, Lafayette, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages. The court directed a verdict at the close of plaintiff's case and the plaintiff has filed a motion for a new trial grounded upon the sole assignment that the court erred in so doing. It is the question raised by the motion which now solicits the decision of this court.

 The sole basis upon which the plaintiff seeks to recover—not only as declared upon in his complaint but as announced also in open court—is that the defendant failed to furnish him a reasonably safe place to work because empty cartons were on the floor in the aisle and cites cases holding that a foreman is a fellow servant of those working with him and that an injured employee can recover from his employer because of negligence in failing to furnish him a reasonably safe place to work and that an employer cannot delegate such duty to an employee and thereby escape liability. There is no question but that is the law and we not only agree therewith but we so hold. However, the rule is entirely different where the duty is delegated by the employer to the injured employee and the injuries result from the failure of the injured employee to perform the duties delegated to him. In other words, an injured employee cannot recover from his employer where he creates or permits the existence of the very condition of which he complains when such condition is the result of his failure to discharge the very job for which he was employed, and this rule of law has nothing to do with contributory negligence, assumption of risk or negligence of a fellow employee, it is based entirely upon the proposition that under such circumstances there is no negligence on the part of the employer.

The Second Circuit in the case of United States Steel Products Co. v. Noble, 10 F.2d 89, on page 90, wherein neither contributory negligence nor as-

sumption of risk were involved, states the proper rule as follows:

"As against another employee, the employer may not delegate the duty of keeping in reasonably safe condition the essential appliances; but the employee charged with the very duty of so keeping them cannot make his own neglect of that duty the basis of a claim against his employer."

The only evidence on the question of liability in this case was the testimony of the plaintiff himself and he testified as follows:

"Q. I asked you whether or not it is true that the practice and policy of the A & P when you worked there before and after your accident with regard to salvage was that all of the stock clerks, when they put merchandise on the shelves and had an empty carton, were to flatten the carton and put it on a stack or pile, and when the pile or stack was sufficiently large, they were to tie it, is that true? A. Yes.

"Q. And as a matter of fact, the company furnished all the stock clerks at the time they were putting the merchandise on the shelves, they furnished them with string with which to tie it, did they not? A. Yes.

"Q. And that was true the day you were injured, was it not? A. Yes.

"Q. And part of your duty in the course of your employment as assistant to John Winters was to see that all of the stock clerks working under you carried out that practice and policy of the company, was it not? A. That's part of it.

"Q. And the other part of your job, or one of the other parts, was that you were to do the same thing, is that not right? A. That's right.

\* \* \* \* \* \*

"Q. And you told that to every single stock clerk there working at that time, had you not? A. That particular morning I was told to tell the stock boys to clean up the salvage.

"Q. And you did tell them? A. I did tell them.

"Q. And that was part of your job to tell them? A. Yes, sir.

"Q. And I suppose after telling them to do so, that it was also part of your job to see that it was done, is that right? A. Yes, sir."

Under the plaintiff's own testimony, if the place he was working at the time of the accident was not a reasonably safe place to work it was because of his failure to do his job and not because of any negligence of the defendant.

But the plaintiff contends that because this evidence was on his cross-examination and not on his direct examination a reasonable inference could be drawn from his testimony on direct examination that the proximate cause of his injury was the negligence of Bruce Abraham, a fellow employee. If such a contention was tenable then cross-examination might just as well be abolished. An inference cannot be drawn which is diametrically opposed to the positive evidence. The only kind of an inference recognized by the law is a *reasonable* one.

There must be no misunderstanding as to why this court was compelled to direct a verdict for the defendant. It was not because of any evidence in the record or any reasonable inferences to be drawn therefrom as to any defense of contributory negligence, assumption of risk or negligence of a fellow employee. Under the Indiana Workman's Compensation Act, Burns' Ann.St.Ind. § 40–1201 et seq., these defenses are barred to an employer electing not to operate thereunder, and this court gave no consideration to any defense or defenses whatsoever. This court directed a verdict for the defendant for the sole and only reason that the testimony of the plaintiff clearly and conclusively established the fact that the condition of

which the plaintiff complains was the direct result of his failure to do his job and, therefore, there is absolutely no evidence of any negligence on the part of the defendant.

It is the law in Indiana that proof of negligence of an employer, who has elected not to operate under the Compensation Act, is necessary before an injured workman can recover therefrom. Carson v. Miami Coal Co., 1923, 194 Ind. 49, 141 N.E. 810.

In the case of Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 1951, 191 F.2d 302, Judge Duffy quoted from the case of Killian v. Pennsylvania Railroad Co., 336 Ill.App. 152, 82 N.E.2d 834, as being persuasive on the question of safe place to work under ·the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., 191 F.2d on page 307 as follows:

" 'The only theory upon which the railroad company could be charged with failing to use reasonable care in affording plaintiff a safe place to work was in the failure to keep this track clear of impedimenta. At the time and place of this accident, according to his own testimony plaintiff himself was the agent of the railroad company charged with the duty of keeping this spur track clear for the safe movement of his train. Under such circumstances, this became a safe or an unsafe place to work according to whether or not plaintiff performed or failed to perform his duties. * * * While contributory negligence constitutes no defense under the Federal Employers' Liability Act, nevertheless some underlying act of negligence on the part of the employer must be established before he is liable to the servant. The plaintiff has proven no negligence on the part of the railroad company in the care used to afford plaintiff a safe place to work.' "

Our Seventh Circuit reversed the judgment entered on a verdict for the plaintiff. On retrial the trial court directed a verdict for the defendant at the close of plaintiff's evidence and was affirmed on appeal. Wetherbee v. Elgin, J. & E. Ry. Co., 7 Cir., 1953, 204 F.2d 755.

■ To paraphrase the opinion in Killian, cited with approval in the first Wetherbee, we now hold that the only theory upon which the defendant could be charged with failing to use reasonable care in affording plaintiff a safe place to work was in the failure to keep the floor clear of empty cartons. At the time and place of this accident, according to his own testimony, plaintiff himself was the agent of the defendant company charged with keeping the floor clear of empty cartons and of cleaning up any empty cartons on the floor. Under such circumstances this became a safe or unsafe place to work according to whether or not the plaintiff performed or failed to perform his duties. While contributory negligence, assumption of risk, or negligence of a fellow employee constitute no defense to plaintiff's action under the Indiana Workman's Compensation Act, nevertheless some underlying act of negligence on the part of the defendant employer must be established before it is liable to the plaintiff employee. The plaintiff has proven no negligence on the part of the defendant in the care used to afford plaintiff a safe place to work and this court had no alternative but to direct a verdict for the defendant.

The plaintiff's motion for new trial must, therefore, be denied, and

It is so ordered.