STATE BOARD OF TAX COMMISSIONERS *v.* ASSOCIATED AUTO & TRUCK RENTAL, INC.

[No. 1270A254. Filed April 21, 1971.]

*Theodore L. Sendak,* Attorney General, *Scott Tower Miller, Walter E. Bravard, Jr., Joseph S. Van Bokkelen,* Deputies Attorney General, for appellants.

*Leo Kriner, Kriner & Harman, D. Reed Scism, Roberts & Ryder,* all of Indianapolis, for appellee.

SHARP, J.—This court has made an unfortunate mistake in its interpretation of Rule A.P. 7.2(A)(1)(a) in the case of *Thonert* v. *Daenell* (1970), 148 Ind. App. 70, 263 N. E. 2d 749.

Rule A.P. 7.2(A)(1)(a) reads as follows:

"In all appeals from a final judgment, a certified copy of the motion to correct errors filed with the trial court shall constitute for all purposes the assignment of errors. No assignment of error other than the motion to correct errors shall be included in the record."

In regard to this rule this court stated in *Thonert* at 263 N. E. 2d at page 750:

"We further note that the transcript fails to comply with the provisions of Appellate Rule 7.2 in that the motion to correct errors is not separately certified, and it does not appear at the beginning of the transcript. While we do not read Appellate Rule 7.2(a)(2) to require each paper filed in the trial court to be separately certified, *we do read Appellate Rule 7.2(a)(1) and (A)(1)(a) to require that the motion to correct errors must be separately certified.* The balance of the record may be certified by one certificate of the clerk at the end of the record, as was done under our former practice. While the language of the rule is not clear as to its requirements, we believe this interpretation is reasonable and workable." (Emphasis added) 263 N. E. 2d 750.

We, thus, judicially added the words "separately" as a requirement to the above rule so as to in effect make it read as follows:

". . . [separately] certified copy of the Motion to Correct Errors filed with the trial court shall constitute for all purposes the Assignment of Errors. . . ."

No good reason is stated in our *Thonert* opinion for requiring this additional and burdensome technical certification. If, as we said in *Thonert*, A.P. 7.2(A)(1)(a) is not clear, then we would not interpret such rule to require an added, unneeded and unwarranted technical burden. (We must emphasize that we are not here overruling the *Thonert* case as to its result. There are *several* other reasons stated in it to justify its result and it is not our intention here to disturb those *other*

reasons. Our decision to overrule *Thonert* is strictly limited to the quoted passage from it.)

We should candidly face up to our mistake in *Thonert* and expressly overrule it in regard to the additional "separate" certification as reflected in the above quoted passage. As we understand it, *Thonert* adds a requirement that did not exist under the previous rules of practice in effect in Indiana before January 1, 1970. Certainly, it ought to be clear that the intent of the new rules of Civil Procedure in Indiana was to reduce such technical burdens and not to increase them.

We, therefore, overrule the appellee's Motion to Dismiss here and with it that quoted portion of the *Thonert* case.

Hoffman, C.J., Sullivan, P.J., Buchanan, Robertson, Staton and White, JJ., concur; Lowdermilk, not participating.

NOTE.—Reported in 268 N. E. 2d 626.