ANTHONY R. PAVACH *v*. STATE OF INDIANA.

[No. 870A134.  Filed August 2, 1971.]

Thomas E. Alsip, Butler, Brown & Hahn, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Deputy Attorney General, for appellee.

LOWDERMILK, J.—The question presented in this appeal is whether or not the trial court erred in forfeiting a recognizance bond executed in behalf of one Marvin Hutcherson, who had been indicted by the Marion County Grand Jury on December 31, 1968. The indictment was under the Offenses Against Property Act and was assigned to Division 2 of the Criminal Court of Marion County. The defendant appeared by counsel, surety bond was filed and a number of continuances were had and the matter was set for trial. The defendant did not appear for trial and the surety bond was ordered forfeited.

The petition to set aside the forfeiture was filed by Anthony R. Pavach, appellant, attorney in fact for the Allegheny Mutual Surety Company, which had given the bond in the principal amount of $1,000, and which had later been ordered forfeited. At no place in the pleadings does the appellant allege his connection with the surety company.

Evidence was submitted and heard to the effect that the defendant, Marvin Hutcherson, was incarcerated in another jurisdiction, namely, Lewisburg, Tennessee, on a similar charge.

The motion to correct errors was filed on behalf of the

surety company and the bondsman and was subsequently over-ruled.

Judgment was entered on the forfeiture on June 16, 1970, which, omitting the formal parts, reads as follows:

"The surety herein, ALLEGHENY MUTUAL AN-THONY PAVACH, having failed to produce said defendant MARVIN HUTCHERSON within ten (10) days after the mailing by the Clerk to said surety of a notice to so do, which notice and the proof of the mailing thereof are in the words and figures following: (H.I.): and the court having heard the evidence and being now duly and suffi-ciently advised in the premises, enters judgment as follows:

"It is therefore considered, ordered and adjudged by the Court that the State of Indiana have and recover of and from the above named ALLEGHENY MUTUAL, the surety on the Recognizance Bond of the defendant in the above en-titled cause the sum of One Thousand Dollars _____, ($1000.00), together with the costs and charges in said cause taxed in the sum of $2.20.

"DATED June 16, 1970."

The defendant, Hutcherson, by counsel, did, on March 17, 1969, file written waiver of jury and moved for a continuance. This was granted and additional continuances were granted on May 19, 1969 and July 7, 1969. The surety bond which is the subject of this appeal was filed on July 9, 1969. At the time of the filing of the bond the trial had previously been set by the court on September 5, 1969.

On August 29, 1969, the same being six days prior to the trial date, an unverified motion for a continuance, executed by Marvin Hutcherson, was filed, with the same showing Morris D. Pleak, 1017 Peoples Bank Building, Indianapolis, as his attorney. The record is moot as to the granting or not granting of this motion.

We must assume that the trial date was continued, for on October 9, 1969, a further unverified motion for continuance, executed by Marvin Hutcherson, was filed and appeared to have been prepared by attorney Pleak. This motion was granted.

On December 17, 1969, the trial court entered its order of forfeiture on the bond and ordered the Clerk to mail notices provided by law. Surety, Allegheny Mutual, collectively and individually, and its agent, Anthony R. Pavach, collectively and individually, were thereby suspended from signing any bonds for the court until the judgment is paid or the defendant produced in open court, or until further order of the court. The Clerk was ordered to send copy of this statutory notice to the surety and its agent. A re-arrest warrant was issued and bond set at $10,000.

Following issuance of the statutory notice the re-arrest warrant was issued and actually sent to the Marshall County Jail in Lewisburg, Tennessee.

The plaintiff-appellant, Anthony R. Pavach, who was the surety bondsman, filed a petition to set aside the bond forfeiture on January 8, 1970. Following a praecipe for trial the matter of the forfeiture was set for hearing on January 29, 1970. Evidence was heard and the petition to set aside the forfeiture was denied. The evidence consisted of a certificate of incarceration of Marvin Hutcherson by James T. Harber, Sheriff of Marshall County, Tennessee, and which was admitted into evidence without objection.

The affidavit stated that the Sheriff of Marshall County, Tennessee, had had Marvin Richard Hutcherson incarcerated in the County Jail and Hutcherson was committed to his custody on August 24, 1969, and remained continuously in his jail or other facility provided by law since that time and that he was awaiting trial there, which trial was scheduled for February 23, 1970.

The motions filed on August 29, 1969, and October 9, 1969, both conflict with the affidavit of the Sheriff of Marshall County, Tennessee, that Marvin Hutcherson was in jail there, as each of the motions for continuance were filed in the trial court in Indiana with each stating that Hutcherson desired a continuance of his trial for the reason that his attorney was

ill on August 29th and his attorney's illness continued through October 9th.

The question the trial court necessarily passed upon was the whereabouts of Marvin Hutcherson when he signed the motions and inasmuch as they were prepared by a lawyer the court was confronted with the problem of the motions not being verified and showing Hutcherson's incarceration out of the State of Indiana.

On March 26, 1970, the motion to correct errors was filed by Anthony R. Pavach, appellant herein, which motion was overruled on May 8, 1970, with judgment on the forfeiture being entered June 16, 1970, and with this appeal following.

It is appellant's contention that the judgment of forfeiture on the bond is an appealable judgment and the proper person is bringing the appeal and there is a relevant statute that has been disregarded by the trial court. Appellant further contends the aggrieved party is the bondsman and it is he who is seeking relief.

Appellant contends there is evidence in the record that the defendant was incarcerated at the time of the forfeiture in another jurisdiction; and that forfeiture under these conditions contravenes the statute which prohibits forfeiture when the defendant is incarcerated in another jurisdiction. The statute relied upon reads as follows:

"Burns' Indiana Statutes Anno. 9-3733b. Forfeiture of bond —Recovery on bond—Revocation of license—Duty of clerk and sheriff.—In case the defendant shall not appear as provided in the bond, the court shall thereupon declare the bond forfeited and the clerk shall mail notice of such forfeiture to the addresses indicated in the bonds, and if the bondsmen do not produce the defendant or prove that the appearance of the defendant was prevented by illness, or by the death of a defendant, or the trial defendant was being held in custody of the United States, a state or a political subdivision thereof, or if required notice was not given within one-hundred eighty (180) days after such mailing and pay all costs and satisfy the court that defendant's absence

was not with the consent or connivance of the sureties, the court shall at once enter judgment, without pleadings and without change of judge or change of venue, against the bondsmen for the amount of the bond and the clerk shall at once record the judgment. Any proceedings relative to said bond, or its forfeiture, judgment, execution of judgment, or stay of proceedings shall be in the court in which the bond was posted. . . ."

Appellant further contends that there was sufficient evidence in the record at the hearing to set aside the forfeiture, that the defendant was in custody. That evidence is in the records and consists of a verified pleading and a certificate of incarceration, which were admitted without objection by the State and became a part of the record on appeal. Appellant also contends in his argument that there is no evidence that the defendant was in the jurisdiction of the Marion Criminal Court, Division 2, at the time of the forfeiture or any time prior thereto after July 9, 1969.

For the above reasons appellant contends the judgment of the trial court is not sustained by the evidence and is contrary to law. Appellant further charges that the judgment was predicated on a false entry in the record of the court, which the appellant bondsman made every effort to correct and which alleged false entry is set out in detail in appellant's motion to correct errors and which motion to correct errors reads as follows, to-wit:

"The defendant moves that the verdict of the Court in this cause, denying petition of bondsman to set aside forfeiture, be itself set aside, and that judgment entered on said petition be set aside, and that a judgment or new trial be granted to the petitioner-bondsman, for each and all of the following reasons:

"1. That the judgment of the Court is against the weight of the evidence.

"2. That the judgment of the Court is predicated upon a false entry of the Court, and upon the supposition of the Court, as set forth in the transcript, that the defendant, Marvin Hutcherson, signed and filed a written motion for continuance in this cause on August 29, 1969, and again on

October 9, 1969, when in truth and fact Marvin Hutcherson did not appear in court on the filing of said motion for continuance on either occasion, that his name was signed to said motion for continuance by his mother and said motion was filed by a secretary for counsel for defendant, and that said Court's record, if in truth and fact said Court's record indicated an appearance by defendant, is in error, for the reason that at all times from and after August 24, 1969, the defendant herein was an inmate of the Marshall County Jail in Lewisburg, Tennessee, as shown by certification filed with the Court and made a part of the evidence in said cause; that no evidence was educed (sic) to show otherwise.

"That said verdict is therefore contrary to the evidence in this cause and on trial can be so shown.

"3. Substantial justice requires a new trial and a correction of the Court's record, as said judgment of the Court is contrary to the law and the evidence in this cause.

"4. Accident or Surprise, in that counsel for petitioner and petitioner could not have known the Court would believe the signature on motion for continuance was that of the defendant, and could not have relied upon said information in light of all other evidence in this case.

"5. The Court's failure to consider the exhibits admitted into evidence, in light of the Court's record, shown to be erroneous, was an uncorrected error of law occurring at the trial and properly raised in the proceedings.

"For all and each of the foregoing reasons, the Court should correct its error and enter a verdict and judgment for the petitioner, or, in the alternate grant to your petitioner a new trial on this petition to set aside bond forfeiture."

Appellee, State of Indiana, contends the issues presented for review are as follows:

"I   Whether the appellant, Anthony R. Pavach, is the proper person to bring this appeal.

"II  Whether appellant waived right to appeal by not filing a statement of the facts and grounds upon which such orders are based.

"III Whether appellant waived right to appeal by failure to have separately certified Motion to Correct Errors as a part of his transcript, and also waived right to appeal by failure to place separately certified copy of Motion to Correct Errors at the beginning of his transcript.

"IV  Whether evidence before the trial court on hearing to set aside forfeiture of bond was sufficient to sustain the finding and judgment of that court."

In answer to the State's question as to who is the proper party to bring this appeal, the State argues that Pavach cannot proceed in his own right when the Allegheny Mutual Casualty Company is not brought in as a party, or even mentioned.

It is true that the surety company is not mentioned as a party in the caption of this litigation. Appellee had, however, never raised the question of proper parties by proper preliminary motion and did not do so at the time the defaulted bond was offered and admitted, and which showed on its face the Allegheny Mutual Casualty Company as surety and Anthony R. Pavach was the duly authorized attorney in fact for the Allegheny Mutual Casualty Company, and that he did execute the bond as such attorney in fact. The State having failed to raise the question at any time prior to, or at the time the bond was offered into evidence, waived its right to first raise the question in the court of appeals. Further, the record (bond) adequately advised the court of the interests of all parties to the litigation. *J. I. Case Co.* v. *Sandefur* (1963), 245 Ind. 213, 197 N. E. 2d 519; *Crescent City* v. *Beverly Bank* (1966), 139 Ind. App. 669, 219 N. E. 2d 446 (Transfer denied December 6, 1966).

The State next contends that appellant waived his right to appeal by not filing a statement of the facts and grounds upon which orders of the court are based. In support of this contention the State sets out verbatim Trial Rule 1. We shall discuss this no further, as we have already in this opinion held that Pavach had sufficient evidence in the record to show he was a proper party. The State complains that appellant's motion to correct errors was not accompanied by a statement of facts and grounds upon which the errors were based, as

provided by Trial Rule 59. To support its point, the State cites the case of *Bud Gates, Inc.* v. *Paul Jackson* (1970), 147 Ind. App. 123, 258 N. E. 2d 691.

The *Gates* case holds that the purpose of a motion for new trial is to advise the trial judge of alleged errors and to allow the trial judge to correct said errors, if any. This was under old Rule 1-14B, which provided that a party filing a motion for new trial on the grounds that the verdict or decision is not sustained by sufficient evidence or is contrary to law waives any ground not specified in the memorandum that must accompany such motion. The case further holds that the new Rules have made no change in this regard other than in nomenclature.

With the *Gates* case we have no argument. But in reading appellant's motion to correct errors we are of the opinion that, although the same is not a criterion to be followed by practicing lawyers, there is sufficient material set out in the entire motion, although not in specific topics numbered by appellant, that the same being construed together would be sufficient to inform court of the alleged errors so that they should be considered and this court would be remiss in its duty to sustain the State's contention.

The State next contends that appellant's failure to have separately certified motions to correct errors placed in the transcript in the first page, as well as at the close of the transcript, with each copy separately certified, is error.

Appellee cites the case of *Thonert* v. *Daenell* (1970), 148 Ind. App. 70, 263 N. E. 2d 749, in which this court held that under Rule AP 7.2 the motion to correct errors must be first set out in the transcript and separately certified and again placed in the back of the transcript with the entire transcript, including the second motion to correct errors being certified.

The holding in the *Thonert* case has been completely reversed on this point in the case of *State Board of Tax Com-*

*missioners* v. *Associated Auto & Truck Rental, Inc.* (1971), 148 Ind. App. 611, 268 N. E. 2d 626, 25 Ind. Dec. 333. This court, in the latter case, reversed itself and very frankly admitted it was in error in requiring a separate certification of errors in the first page of the transcript and further held that it was sufficient if the motion to correct errors was only one time certified to in the transcript.

This court prefers that the motion to correct errors be set out at the first of the transcript as a convenience to the court, as it does save much time in hunting the same, but inasmuch as in the case at bar it is in the transcript and certified, we are of the opinion that the rule has been sufficiently complied with.

It is the next contention of the State that the evidence presented to the trial court on the hearing of the cause to set aside the forfeiture of the bond was sufficient to sustain the court's finding and judgment of forfeiture.

The reading of the evidence in the transcript on the hearing for forfeiture reveals that the trial judge was more than liberal in permitting appellant, Pavach, to make his record by admitting a letter from the Sheriff of Marshall County, Lewisburg, Tennessee, which contained an affidavit of the Sheriff as to the incarceration of Mr. Hutcherson on August 24, 1969, in the jail at Lewisburg, Tennessee. Before this letter was admitted, Mr. Butler, attorney for appellant Pavach, asked the court if the court would accept a certified letter as evidence; the State made no objection thereto and the court admitted the letter with the certified contents in evidence.

Defendant then offered evidence that the original complaint was verified, offered it into evidence and it was so admitted; the court then asked if there was further evidence and there being none by the petitioner, the petitioner rested.

The court then stated a resume of the time defendant Hutcherson was in jail from August 24, 1969, continuously and to which attorney Butler said "Yes sir, Your Honor." The

court then stated further "All right. And, it appearing to the court from the record of this cause, that this defendant in County of Marion, State of Indiana, filed a written motion for a continuance in this cause on October 9, 1969; and in the State of Indiana, Marion County, the defendant filed a motion for a continuance on August 29, 1969, and a written motion for continuance is filed, and a continuance was granted on said motions; surety's Motion to Set Aside Forfeiture, overruled."

This court has set out in this opinion considerable evidence which discloses that the defendant Hutcherson was in the Marion County Criminal Court, Division 2, at the time he was arraigned and released on bond. There was further evidence that he was in Tennessee in jail from August 24, 1969, through the time of the forfeiture of the bond, during which time, prior to the forfeiture, other motions were filed in the Marion Criminal Court, Division 2, over Hutcherson's signature, and were filed by an attorney. These motions were without verification and the trial court could not determine from the record whether they had been signed in Marion County, Indiana, or in Lewisburg, Tennessee. Had there been a verification it would have shown where the signature had been affixed to the document.

Where there is a conflict in the evidence it is the duty of the trial judge to weigh the same and after he has done so and determined where the same predominates and has entered his finding and judgment this court has no authority to weigh the evidence on appeal. I.L.E., Vol. 2, *Appeals*, § 574, p. 495.

Although it is elementary that this court cannot and does not weigh the evidence, we cite the case of *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N. E. 2d 684, wherein the court said:

"This court cannot, and will not, weigh the evidence; that was the duty of the trial court, who saw and observed the

witnesses on the stand, took into consideration their truthfulness, their bias and interests in the case, and was in a better position to understand the evidence, draw inferences therefrom, and determine the truth of the collision in question."

The *Pontious* case, in quoting from *Armstrong* v. *Oster* (1919), 189 Ind. 1, 123 N. E. 109, said:

" '* * * Where the evidence is conflicting, in determining whether a finding in favor of appellee is warranted, only the uncontroverted facts and the evidence most favorable to appellee and the favorable inferences that may be drawn therefrom can be considered on appeal. (Citing cases.)' "

There is, therefore, no merit in specification 1 of appellant's motion to correct errors.

In specification 2 of the motion to correct errors the appellant has set forth statements that are not in the record, that are conjecture and not to be considered by the court. However, that part pertaining to the whereabouts of Hutcherson after August 24, 1969, has been heretofore discussed in this opinion and the trial court was correct in its ruling on said specification 2.

As to specification 3, wherein appellant alleges the judgment of the court is contrary to the law and the evidence in the case, in the case of *Pokraka* v. *Lummus* (1951), 230 Ind. 523, 104 N. E. 2d 669, the court said that it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court can be set aside on the grounds it is contrary to law. Under this holding in the *Pokraka* case, there being a conflict in the evidence, it is our opinion that reasonable men would come to different conclusions and, therefore, the judgment is not contrary to law.

In specification 4 appellant charges accident or surprise, in that counsel for petitioner and petitioner could not have known the trial court would have believed the signature on motions

for continuances was that of the defendant, and could not have relied upon said information in light of all other evidence in the case. This specification is without merit, as no attorney can rely on accident or surprise when he fails to prepare his lawsuit and properly present the same to the court. It is the burden of the appellant to prove to the court whether the signature was that of the defendant and, if so, that it was duly affixed to the motions for continuance in the State of Tennessee, to show, under the statute, that the defendant was beyond the jurisdiction of the court with no possibility of returning for trial and appellant having failed to do so cannot now complain.

In specification 5 of appellant's motion to correct errors appellant charges the court with "* * * *failure to consider the exhibits admitted into evidence, in light of the court's record shown to be erroneous.*" Appellant has merely stated his conclusion. The allegation of the appellant here charges the trial judge with failure to consider certain evidence. There is a presumption that the trial judge, in all cases, considers all the evidence and there is nothing in this record to lead this court to believe that the trial judge failed to do his duty, either intentionally or unintentionally, and that he did consider all the evidence in the cause. As above stated, the trial court was very generous in permitting the admission of all the evidence appellant had and, in fact, asked him if he had further evidence.

In our opinion specification 5 of the motion to correct errors is meaningless and surplusage.

Finding no reversible error the judgment of the trial court is hereby affirmed.

Buchanan and Robertson, JJ., concur; Sullivan, P.J., dissents with opinion.

## DISSENTING OPINION

SULLIVAN, P.J—Upon the principal issue before this court, the majority affirms the decision of the trial court, giving as

the reason that this court will not weigh conflicting evidence. I cannot subscribe to such holding.

In my view, the proposition last mentioned is wholly inapplicable in that the evidence upon the issue, i.e., the physical custody of the defendant Hutcherson by law enforcement officers in Tenessee, was uncontroverted.

The legal effect of the clear and uncontroverted statement of the Sheriff of Marshall County, Tennessee, concerning the defendant's whereabouts during the period in question is not in any degree lessened by the mere presence of defendant's signature or purported signature upon papers which were filed in his behalf in the Marion County Criminal Court. In this connection, it is important to note that the state does not argue, nor does the majority decide, that the filing of pleadings or petitions on behalf of a criminal defendant establishes, as a matter of law, that the defendant was physically present within the jurisdiction.

Any possible inference that Hutcherson was, at a time or times pertinent, physically present within Marion County, Indiana, which inference could only be drawn from the presence of his signature or purported signature upon various motions filed upon his behalf, is totally destroyed by the fact of Hutcherson's continuous physical presence within the State of Tennessee during such times. *Butterfield* v. *Trittipo et al.* (1879), 67 Ind. 338. As stated in *N. Y. Central R.R. Co.* v. *Green* (1938), 105 Ind. App. 488, 496-497, 15 N. E. 2d 748:

> "Verdicts rightfully stand upon evidence and not upon mere conjecture. The mere possibility that a thing may be true will not legitimately sustain the inference that it is true. See *C.C.C. & St. L. R.R. Co.* v. *Miller* (1898), 149 Ind. 508 [490], 49 N. E. 445; *Equitable Life Ins. Soc. of the United States* v. *Campbell* (1926), 85 Ind. App. 450, 150 N. E. 31, 151 N. E. 682; *Deery* v. *Hall* (1933), 96 Ind. App. 683, 175 N. E. 141. When a fact is clearly established by the undisputed evidence there is then no room for an inference that such fact does not exist."

The logic and propriety of such rule of law was cogently explained in *Parker* v. *Great Atlantic & Pacific Tea Co.* (N. D. Ind. 1957), 146 F. Supp. 871, 873:

"An inference cannot be drawn which is diametrically opposed to the positive evidence. The only kind of an inference recognized by the law is a *reasonable* one."

For the reasons stated, I feel that the judgment below is contrary to law in that it is wholly unsupported by the evidence or by reasonable inferences to be drawn therefrom.

NOTE.—Reported in 271 N. E. 2d 896.