**Gerald F. KENDRICK, Sr., Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.**

No. 80–3942.

United States Court of Appeals, Fifth Circuit.

March 5, 1982.

Rehearing Denied April 2, 1982.

John W. Prewitt, Vicksburg, Miss., Joe H. Daniel, Terry R. Levy, Jackson, Miss., for plaintiff-appellant.

Barrett H. Martin, C. E. Sorey, II, Vicksburg, Miss., for defendant-appellee.

Before BROWN, COLEMAN and RUBIN, Circuit Judges.

PER CURIAM:

This personal injury claim, under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–56, was brought by Gerald F. Kendrick against Illinois Central Gulf Railroad Company. The jury returned a verdict for Kendrick in the amount of $252,-000. The trial judge granted judgment n.o.v. and this appeal followed. We reverse and remand for a new trial.

We do not find it necessary or in the interest of justice to describe in detail the facts of this controversy. The suit was based on two separate accidents in which Kendrick, an employee of Illinois Central, sustained injuries. Kendrick slipped and fell off the running board of a truck provided by Illinois Central for his job. Several months later Kendrick tripped over a wire fence hidden by shrubbery when going to check on a train derailment.

The trial judge instructed the jury:

In discharging the duty to exercise ordinary care under the circumstances, the Defendant Railroad had a continuing obligation under the Federal Employers' Liability Act to conduct reasonably regular and adequate inspections of all of its working areas, prior to requiring its employees such as the Plaintiff, to use them in performing his duties as a section foreman.

Illinois Central moved for judgment n.o.v., or in the alternative for a new trial, asserting that there was evidence that Kendrick was himself charged with the duties of keeping the truck in good repair and the undergrowth cleared from the area around the railroad track. Thus, Illinois Central argued, Kendrick should not be allowed to take advantage of his failure to perform the duties assigned to him and recover from Illinois Central for failure to provide a safe place to work. The district judge granted the judgment n.o.v. He then apparently reconsidered this ruling and decided that, if the jury instruction was erroneous, a new trial, rather than judgment n.o.v., would be

appropriatc.[1] The order entered in the record, however, states: "After further consideration of the Motion of the Defendant for Judgment n.o.v. or in the alternative for a new trial the Court has concluded that Defendant's Motion for Judgment n.o.v. should be sustained, and the Motion is hereby sustained."

■ Thus, the order appealed from is the granting of the judgment n.o.v. A judgment n.o.v. is not the proper cure for an erroneous instruction. A new trial is the appropriate therapy. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2805 (1973) (substantial errors in the giving of jury instructions is grounds for a new trial). A judgment n.o.v. would be proper only if the evidence were insufficient to support a judgment for the plaintiff even under the proper instructions. See Ellis v. Chevron U.S.A., Inc., 650 F.2d 94, 96–97 (5th Cir. 1981); Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc); 9 C. Wright & A. Miller, supra, § 2524 (1971) (the judgment n.o.v. standard is whether the evidence is sufficient to create an issue of fact for the jury). Because the evidence might support a verdict for the plaintiff, we must reverse the judgment n.o.v.

■ In the final judgment, the district court did not rule on the alternative motion for a new trial.[2] In the absence of guidance from the district judge, we exercise our discretion to order a new trial because we conclude that the instruction given was indeed incomplete.[3]

Although even slight negligence by the FELA employer will allow the employee to recover, Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493, 500 (1957), and the "railroad has the nondelegable duty to provide its employees with a safe place to work," Shenker v. Baltimore & Ohio R.R. Co., 374 U.S. 1, 7, 83 S.Ct. 1667, 1671–2, 10 L.Ed.2d 709, 714 (1963), several FELA cases have recognized that the employee's duty to make the work-place safe or to inspect the premises may mitigate the employer's responsibility for providing a safe place to work.[4] The same rule has been applied

1. The judge stated:

So, I think that the Court has committed an error in this instruction, that it has to delegate some responsibility to responsible people, and that they can't take advantage of their own negligence. So, I am not going to grant the J.N.O.V., but I will grant a new trial on the basis of Instruction P4.

"Under the FELA standard, a directed verdict is possible 'only when there is a complete absence of probative facts' supporting the nonmovant's position." Comeaux v. T. L. James & Co., 666 F.2d 294, 298 n.3 (5th Cir. 1982). "The court may direct a verdict or grant judgment n.o.v. on a Jones Act claim only when there is a complete absence of probative facts supporting the non-movant's position." Robinson v. Zapata Corp., 664 F.2d 45, 47 (5th Cir. 1981). This is in accord with Boeing v. Shipman, 411 F.2d 365, 370 (5th Cir. 1969) (en banc), which distinguished between the "complete absence of probative facts" test applicable to FELA claims and the "reasonable minds" test applicable to other federal claims.

2. Fed.R.Civ.P. 50(c) provides in part:

(1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.... In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered.

3. Upon overturning a judgment n.o.v. the court of appeals has discretion in its disposition of the appeal. See, e.g., Tackett v. Kidder, 616 F.2d 1050, 1053–54 (8th Cir. 1980) (dicta); Mays v. Pioneer Lumber Corp., 502 F.2d 106, 110 (4th Cir. 1974) (the court noted that the district judge's failure to rule on the motion for a new trial was error but found no useful purpose in remanding for the district judge to consider the new trial motion so the court reversed the judgment n.o.v. and remanded with instructions to reinstate the jury verdict), cert. denied, 420 U.S. 927, 95 S.Ct. 1125, 43 L.Ed.2d 398 (1975); 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 50.14 (1981).

4. See Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 191 F.2d 302, 307–08 (7th Cir. 1951), cert. denied, 346 U.S. 867, 74 S.Ct. 104, 98 L.Ed. 378 (1953), quoting Killian v. Pennsylvania R.R. Co., 336 Ill.App. 152, 82 N.E.2d 834 (1948), cert. denied, 338 U.S. 819, 70

under the Jones Act which imposes the FELA standard of liability.[5] For instance, *Dixon v. United States*, 219 F.2d 10 (2d Cir. 1955), stated,

> the firmly established rule that an employee may not recover against his employer for injuries occasioned by his own neglect of some independent duty arising out of the employer-employee relationship.... [This] result turns really ... upon the employer's independent right to recover against employee for the non-performance of a duty resulting in damage to the employer, which in effect offsets the employee's right to recover against the employer for failure to provide a safe place to work.

*Id.* at 16–17.[6] Therefore, the employer's request for a charge concerning the employee's duty was proper, and the jury charge should have included such an instruction in addition to a full charge on the application of comparative negligence principles to FELA actions. For even if an employee's injury resulted in part from his own negligence, whether in failing to carry out his duties or in some other respect, such negligence would only reduce, not bar, recovery unless the employer were not negligent at all and the employee's negligence was the sole cause of his injury.

The issues of liability for two separate accidents and the damages to be assessed for each were submitted for a single general verdict. Thus, even if the jury instruction was insufficient with respect to only one of the accidents, the case must be reversed and remanded for a new trial on all the issues.[7]

REVERSED AND REMANDED FOR A NEW TRIAL.

S.Ct. 63, 74 L.Ed. 497 (1949); *Emig v. Erie Lackawanna Ry. Co.*, 350 F.Supp. 986, 988–89 (W.D.Pa.1972), *aff'd mem.*, 485 F.2d 679 (3d Cir. 1973); *Parker v. Great Atlantic and Pacific Tea Co.*, 146 F.Supp. 871 (N.D.Ind. 1956); *McCarty v. Louisville & N.R. Co.*, 202 Ky. 460, 260 S.W. 6, 9 (Ct.App.1924); *Louisville, H. & S.L. Ry. Co. v. Wright*, 170 Ky. 230, 185 S.W. 861, 862 (Ct.App.1916); *Stone v. Missouri, Pac. Ry. Co.*, 293 S.W. 367, 369–70 (Mo.1927).

5. *Ferguson v. Moore-McCormack Lines, Inc.*, 352 U.S. 521, 523, 77 S.Ct. 457, 458, 1 L.Ed.2d 511, 513 (1957) ("the standard of liability under the Jones Act is that established by Congress under the Federal Employers' Liability Act").

6. *Accord, Peymann v. Perini Corp.*, 507 F.2d 1318, 1322–23 (1st Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975); *Noack v. American S.S. Co.*, 491 F.2d 937, 941 (6th Cir. 1974); *Reinhart v. United States*, 457 F.2d 151, 154 (9th Cir. 1972); *Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772, 773–74 (2d Cir. 1955).

7. Appellate review could have been facilitated and the new trial might have been avoided, or at least made more limited, had the court used special interrogatories under Fed.R.Civ.P. 49(a). This Court, in *Guidry v. Kem Mfg. Co.*, 598 F.2d 402, 402 (5th Cir. 1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980), observed:

> The special verdict permitted by Rule 49(a) is a splendid device for clarification of jury verdicts and for focusing the jurors' attention on the disputed facts without the possible confusion that may result from a lengthy charge concerning the different legal rules that would apply if the jury reaches one factual conclusion rather than another. Therefore, we have repeatedly and frequently praised its use.

In the present controversy, the jury was not asked to distinguish between the two accidents that Kendrick sustained in their evaluation of Illinois Central's liability. Thus, both the trial judge's assessment of the damage done by the erroneous jury charge and our own review were hampered by the fact that only a general verdict was returned. *See Jones v. Miles*, 656 F.2d 103, 106 & n. 3 (5th Cir. 1981); *Nardone v. Reynolds*, 538 F.2d 1131, 1137 n. 16 (5th Cir. 1976); Brown, *Federal Special Verdicts: The Doubt Eliminator*, 44 F.R.D. 338, 348 (1967); *see also Weymouth v. Colorado Interstate Gas Co.*, 367 F.2d 84 (5th Cir. 1966); *Duke v. Sun Oil Co.*, 320 F.2d 853, 865 n. 10 (5th Cir. 1963). Even if it was not practical to submit two separate interrogatories concerning the damages suffered in consequence of each injury, a matter about which we express no opinion, separate interrogatories on liability for each accident would have been helpful.